**Nora E. BARKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40018.**

Court of Criminal Appeals of Texas.

Jan. 18, 1967.

Rehearing Denied March 1, 1967.

Second Rehearing Denied April 5, 1967.

No attorney for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

This is an appeal from an order revoking probation in a misdemeanor case.

Upon her plea of guilty to the offense of obtaining groceries by the giving and drawing of a worthless check, appellant was on October 29, 1965, adjudged guilty and her

punishment was assessed by the court at six months in jail. Her application for probation was granted and she was placed on probation for a period of two years, conditioned among other things that she commit no offense against the laws of the State of Texas and that she report to the Probation Officer as directed by him or his assistants.

On April 28, 1966, motion was filed by the Criminal District Attorney and the Adult Probation Officer alleging that appellant had violated such terms of her probation and warrant was issued.

After hearing to determine whether probation should be continued or revoked, judgment was rendered finding that appellant had violated the terms and conditions thereof, in that she failed to report to the Probation Officer as directed by him and his assistants, and that she committed an offense against the laws of Texas.

This appeal is from the judgment revoking probation upon such findings and the sentence pronounced ordering that appellant be confined in the county jail for three months.

The sole question to be decided by this Court is whether there is "a clear showing of abuse of discretion by the revoking court." Art. 42.13, Section 8(a) C.C.P. (formerly codified as Art. 784a Vernon's Ann.C.C.P.)

The court's findings, upon which he revoked appellant's probation but reduced the punishment from six months to three months, were predicated upon the following proof.

Appellant was directed to report to the probation officer between the first and tenth day of each month. She complied with this requirement until April 1966. The office of the probation officer was not open on Saturday, April 9th, or Sunday April 10th. The undisputed evidence shows that appellant reported on Monday, April 11th.

Appellant gave a check in the sum of $9.89 dated March 23, 1966, payable to

Piggly Wiggly No. 3 Grocery Store, which she signed "Mrs. Leroy Whaley." The check was drawn on the Citizen's National Bank. The bank refused payment and returned the check to the grocery store with the notation "signature not authorized."

■ The presumption of intent to defraud arising under the statute (Art. 567b Vernon's Ann.P.C.) was not applicable because the required notice was not given.

The undisputed evidence was that appellant had married Leroy Whaley who had an account in the bank on which the check was drawn, and that there was on deposit in said account sufficient funds to cover the check, part of which was earned by appellant and in all of which she had a community interest.

The evidence further reflects that, though the bank had no notice thereof, appellant had been authorized by her husband to give a check for groceries and he was not contacted about the check being returned unpaid.

■ Under the record, we find that the trial court abused his discretion in revoking probation.

The judgment is reversed and the cause remanded.

## OPINION ON APPELLEE'S MOTION FOR REHEARING

ONION, Judge.

On appellee's motion for rehearing, it is urged for the first time that the appeal in the case at bar should be dismissed because notice of appeal was not given within ten days after sentence was pronounced, as required by Art. 44.08(c), Vernon's Ann. C.C.P., and there is nothing in the record to show that the court, for good cause shown, permitted the giving of such notice after the ten days allowed had expired.

With appellee's contention we cannot agree.

Sentence was pronounced on May 10, 1966. On the same day an appeal bond, in the amount of $1,000.00 was approved by the trial court.

■ The notation "Notice of Appeal to the Court of Criminal Appeals was given in open court" appears in the transcript of the court reporter's notes of the trial proceeding. Such notation together with the trial court's approval of the appeal bond on the day sentence was pronounced, and his subsequent approval of the record on September 14, 1966, which included said notation, is deemed sufficient to show that notice of appeal was given on May 10, 1966.

Article 44.08(a), V.A.C.C.P., reads as follows:

"It shall be necessary for defendant, as a condition of perfecting an appeal to the Court of Criminal Appeals, to give notice of appeal. This notice may be given orally in open court or may be in writing filed with the clerk. *Such notice shall be sufficient if it shows the desire of defendant to appeal from the conviction to the Court of Criminal Appeals.*"

Section (c) of Article 44.08, supra, provides in cases such as this that "such notice shall be given or filed within ten days after sentence is pronounced."

Section (d) of the same Article reads as follows:

"The record on appeal will be deemed sufficient to show notice of appeal was duly given if it contains written notice of appeal showing a date of filing within the time required by law or if the record contains any judgment or sentence or other court order or docket entry by the court showing that notice of appeal was duly given."

■ Section (d) of Article 44.08, V.A. C.C.P., purports to set forth what will be deemed to be sufficient to show notice of appeal in the record on appeal, but we do not construe said section as the exclusive method of giving notice of appeal or as a limitation upon the language of Sections (a) and (c).

■ The procedure for giving notice of appeal was liberalized by the provisions of Article 44.08, V.A.C.C.P., 1965, and no longer is it necessary that notice of appeal be actually entered of record on the minutes of the court before it is deemed sufficient. See former Article 827, C.C.P., 1925.

It is true that in Breakwell v. State, 78 Tex.Cr.R. 406, 181 S.W. 727, a recital in the recognizance on appeal that appellant appear from day to day, etc., in order to abide the judgment of the Court of Criminal Appeals was held insufficient to constitute a notice of appeal. Breakwell, supra, can be easily distinguished from the case at bar because the recital in the recognizance was the only notice of appeal appearing in the record, and the decision was rendered while the former article was in effect.

■ In its motion for rehearing the appellee urges that even if notice of appeal were given within ten days after sentence the transcript of evidence cannot be considered by this Court because it was filed more than 90 days after the giving of such notice. It has been noted that the trial judge approved the record on September 14, 1966. Article 40.09, Section 3, V.A.C.C.P., reads in part as follows:

" * * * and the approval of the record after the expiration of the time provided by law for its approval shall be sufficient proof that the time for filing the transcription was properly extended, and the transcription so filed shall be construed as having been filed within the time required by law."

Appellee's motion for rehearing is overruled.