**Michael Edward FITZPATRICK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43534.**

Court of Criminal Appeals of Texas.

Nov. 4, 1970.

No attorney on appeal for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is an appeal from a conviction for possession of marihuana.

On October 24, 1969, the appellant entered a plea of guilty before the court, waiving trial by jury. The punishment was assessed at five years, but the imposition of the sentence was suspended and the appellant was placed on probation subject to certain terms and conditions.

The docket sheet reflects that when the motion for new trial was overruled the appellant gave notice of appeal. Such docket sheet entry is sufficient to comply with Article 44.08, Sec. (d), Vernon's Ann.C.C.P., as to the giving of notice of appeal. Caraway v. State, Tex.Cr.App., 417 S.W.2d 159; see also Barker v. State, Tex.Cr.App., 412 S.W.2d 652. And it is well established that a defendant has the right of appeal for a review of his trial and conviction at the time he is placed on probation. Article 42.12, Sec. 8, V.A.C.C.P. See Pitts v. State, Tex.Cr.App., 442 S.W.2d 389 and cases there cited. In such probation cases the imposition of a sentence for the purposes of appeal is not required by the express provisions of Article 42.04, V.A.C.C.P.

Thus the case at bar is properly before us. However, we find no transcription of the court reporter's notes or appellate brief filed in the record. The appellant is shown to have been represented at all times in the trial court by retained counsel, and there is no suggestion of indigency on the part of the appellant.

The record does reflect that subsequent to the order overruling the motion for new trial the State filed a motion to revoke probation but there is nothing before us to reflect that the same has ever been acted upon by the trial court.

All matters before the court appearing to be regular, the judgment is affirmed.