James William MILLS,
Petitioner-Appellee,

v.

W. J. ESTELLE, Director, Texas
Department of Corrections,
Respondent-Appellant.

No. 76–2434.

United States Court of Appeals,
Fifth Circuit.

May 12, 1977.

John Hill, Atty. Gen., David M. Kendall, Jr., 1st Asst. Atty. Gen., Joe B. Dibrell, Robert E. De Long, Jr., Asst. Attys. Gen., Joe H. Thrash, Austin, Tex., for respondent-appellant.

Ted Redington, Staff Counsel for Inmates, Texas Dept. of Corrections, Huntsville, Tex., for petitioner-appellee.

Before TUTTLE, GOLDBERG and CLARK, Circuit Judges.

TUTTLE, Circuit Judge:

A Texas jury convicted appellee Mills of stealing a trailerload of apples. Pursuant to the Texas enhancement statute, he was sentenced to life imprisonment, for this was his third conviction. The United States district court granted Mills' habeas corpus petition on the ground that the state trial court's refusal to admit evidence of a prose-

cution witness' prior conviction denied Mills his sixth amendment right to confront the witnesses against him. The State of Texas appeals.

## I. CONFRONTATION AND CREDIBILITY

 This Court confronts a constitutional question. We need not attempt to conclude the running debate about the evidentiary value and/or prejudicial effect of employing evidence of prior crimes in an effort to impeach a witness. Obviously, prior crime evidence is prejudicial. First, a jury is bound to be less reluctant to convict a person whom they know to have been convicted of other crimes by other juries. Second, if used to impeach a defense witness, prior crime evidence risks establishment of guilt by association. Third, if used against a prosecution witness, prior crime evidence invites a jury improperly to weight testimony according to their perceptions of the relative infamy associated with a particular crime. But just as obviously, prior crime impeachment evidence is relevant in evaluating credibility: a person whose prior criminal record evinces a disrespect for the social norms evidenced by positive law is unlikely to have the normal witness' respect for the necessity of giving truthful testimony.

Rules of evidence sometimes attempt to establish a bright-line balance between expected prejudice and undeniable relevance. Federal Rule of Evidence 609(b), for example, generally prohibits the use of prior convictions for impeachment purposes when the prior conviction or release from confinement occurred more than ten years before the witness testifies in the current trial.[1]

The implicit judgment of the Federal Rules is that evidence of convictions over a decade old is generally more prejudicial to the side which calls the witness than it is helpful to the jury in evaluating the witness' credibility. Alternatively, the ten-year time limit could be conceptualized as a policy statement that if an offender keeps his record unblemished for ten years, he will be presumed to be as truthful as a normal citizen, i. e., that the ten-year period is evidence that the inference supporting use of prior crime impeachment evidence (a lawbreaker is likely to lie) can no longer be drawn about a certain person. It should be understood, however, that this judgment is normative rather than empirical: that is, Rule 609(b) stands for the proposition that a jury *should* not be influenced by prior crime impeachment evidence over ten years old, not that they *would* not be influenced by such evidence.

Texas has made a similar judgment. Article 38.29 of the Texas Code of Criminal Procedure provides that:

> "[t]he fact that a defendant in a criminal case, or a witness in a criminal case, is or has been charged by indictment, information or complaint with the commission of an offense against the criminal laws of this State, or the United States, or any other State shall not be admissible in evidence on the trial of any criminal case for the purpose of impeaching any person as a witness unless on trial under such indictment, information or complaint a final conviction has resulted, or a suspended sentence has been given and has not been set aside, or such person has been placed on probation and the period of probation has not expired."

Tex.Code Crim.P.Ann. art. 38.29.

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

1. Federal Rule of Evidence 609(a) provides that prior crime evidence may not be used for impeachment purposes unless (1) the court "determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant" if the evidence is of a crime punishable by death or imprisonment in excess of one year; or (2) the crime involved dishonesty or false statement, regardless of the punishment. Rule 609(b) further restricts admissibility by imposing a time limit:

The effect of this rule is that prior convictions may not be used to impeach testimony of either prosecution or defense witnesses (including the defendant) if the prior conviction resulted in probation which has been successfully completed. If the witness is still on probation, evidence of the prior conviction may be introduced.

The lynchpin of the state's case in the trial court was the testimony of one Chandler. Chandler testified (1) that he had observed Mills as passenger in a car, driven by one Norris, which was towing the trailerload of stolen apples; and (2) that he had observed Mills, Norris and several others unloading the apples, apparently for sale to one Winn. Defendant Mills called his wife, Norris, and Winn, all three of whom provided exculpatory·testimony. The prosecutor correctly framed the case as a credibility choice for the jury:

> "This case boils down to one thing and one thing only, and that is who you are going to believe. If you believe Mr. Chandler, this man is guilty as charged in the indictment. If, on the other hand, you believe the witnesses that the Defense has called and disbelieve Mr. Chandler, you are going to have to find him not guilty."

The wife's credibility came under severe attack: she had testified that Mills was with her at a time when the evidence conclusively showed he was already in police custody. The prosecutor also adverted to Norris' prior convictions for burglary (which were admissible under the Texas statute), and suggested that since Norris had already been convicted of stealing the apples, his statement that Mills was not with him in the car cost him nothing. Finally, the prosecutor challenged Winn's testimony as inconsistent with Norris' account

of the crime, and as motivated by Winn's own desire to dampen any suspicion that he had knowingly received stolen property.

When the defense attempted to counter this assault on its witnesses' credibility by introducing evidence that, some eleven years prior to trial, Chandler had been convicted of the felony of stealing from a coin-operated machine, the trial court invoked the bar of article 38.29. As a first offender, Chandler had been put on probation and had successfully completed his probation: evidence of his prior offense was therefore inadmissible for impeachment purposes under the Texas statute. The question for this Court is whether the state's rule—which equates the credibility of testimony given by a successful probationer with that of a normal citizen [2]—can be enforced without trenching upon appellee's constitutional right to confront the witnesses against him.

## II. BEYOND *DAVIS:* FROM BIAS TO GENERAL IMPEACHMENT

Our point of departure is *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). In that case, the defendant had been convicted of grand larceny and burglary, mainly on the testimony of a witness who claimed to have seen the defendant in an area where a stolen safe was found. This testimony was bolstered by evidence showing that paint chips and insulation particles found in the defendant's car matched those from the safe. Defense counsel wanted to introduce evidence proving that the witness, a juvenile, was currently on probation for burglary. The witness might well have been a suspect himself, for the safe was found on his stepfather's farm. Defense counsel contended that the witness' possible bias—*a desire to help the police and thereby improve his tenuous position*

---

**2.** In substance, the state's decision is to treat a former conviction resulting in probation which is successfully completed as no different than any other irrelevant fact about a witness. For example, it could hardly be maintained that the sixth amendment guarantees a defendant the opportunity to bring a witness' opinions about American foreign policy to the jury's attention in a garden variety burglary case, even though

knowledge of those opinions—especially if controversial—might affect the jury's evaluation of the witness's credibility. The issue on this appeal is whether conviction resulting in a successfully completed probation is so significant a datum that a defendant's choice to apprise the jury of that fact is constitutionally protected.

with the law, or to turn suspicion away from himself—should be made known to the jury. The state argued that its interest in rehabilitating juveniles justified exclusion of the evidence concerning the witness' criminal record.

The Supreme Court disagreed with the state, holding that "the state cannot, consistent with the right of confrontation, require the petitioner to bear the full burden of vindicating the State's interest in the secrecy of juvenile criminal records." 415 U.S. at 320, 94 S.Ct. at 1112. Moreover, despite the incriminating physical evidence, the Court seemed unwilling to engraft a "harmless error" exception on its holding that a prior conviction could be introduced in order to show bias.

"We cannot speculate as to whether the jury, as sole judge of the credibility of a witness, would have accepted this line of reasoning had counsel been permitted to fully present it. But we do conclude that the jurors were entitled to have the benefit of the defense theory before them so that they could make an informed judgment as to the weight to place on Green's testimony . . . . The accuracy and truthfulness of Green's testimony were key elements in the State's case against petitioner. The claim of bias which the defense sought to develop was admissible to afford a basis for an inference of undue pressure because of Green's vulnerable status as a probationer . . . as well as of Green's possible concern that he might be a suspect in the investigation."

415 U.S. at 317–18, 94 S.Ct. at 1111.

This Court reached a similar result, relying on *Davis*, in *United States v. Croucher*, 532 F.2d 1042 (5th Cir. 1976). There, the key witness-informant for the Government in a drug case was himself facing potential charges in a prohibited weapons case. We held that the Government's leverage over such a witness should be revealed to the jury as "highly relevant to his credibility as a witness for the prosecution. . . . [T]he jury was entitled to have placed before it the defense's theory of [the witness']

bias and prejudice stemming from criminal charges which could still be pursued against him." 532 F.2d at 1046.

At least two other Courts of Appeals have held that a defendant is constitutionally entitled to employ prior crime evidence to impeach a prosecution witness where the witness may have been motivated to cooperate in hopes of securing favorable disposition of pending or potential charges. *United States v. Garrett*, 542 F.2d 23 (6th Cir. 1976) (Government witness was officer on suspension under suspicion of using drugs); *United States v. DeLeon*, 498 F.2d 1327 (7th Cir. 1974) (witness had been broker in cocaine deal consummated one month before defendant allegedly participated in narcotics transaction, but witness had not yet been indicted).

None of these decisions goes so far as to hold that prior convictions of the prosecution's witnesses must always be admissible. All dealt with fact situations where the evidence of the prior conviction could have led the jury to draw an inference of bias because the witness could still be subjected to additional official sanctions on the basis of the prior convictions. The Texas statute challenged here reflects a comparable conclusion, for a person still on probation—whose testimony would be admissible under article 38.29—would have a substantially greater incentive to cooperate with the police than one who has completed his probation.

In the instant case, however, the defense sought to use Chandler's prior conviction for general impeachment purposes. There was no evidence to suggest that Chandler fabricated the identification in order to curry police favor, for he was no longer vulnerable to official reprisals based on the former conviction. Nor was there a shred of evidence to support the theory that he accused Mills in order to shift the focus of suspicion from himself. Indeed, neither Norris nor Winn ever intimated that Chandler was involved in any respect. The question, therefore, is whether the confrontation clause compels that evidence of a prior unrelated conviction be admitted for general

impeachment purposes when there is no colorable claim that the evidence is relevant to a claim of bias.

Here, of course, we are beyond *Davis.* As Mr. Justice Stewart noted in his concurring opinion, "the Court neither holds nor suggests that the Constitution confers a right in every case to impeach the general credibility of a witness through cross-examination about his past delinquency adjudications or criminal convictions." 415 U.S. at 321, 94 S.Ct. at 1112. Moreover, an affirmance in the instant case would be an implicit declaration that Federal Rule of Evidence 609(b) is unconstitutional, because if the Federal Rules of Evidence had governed Mills' trial, Chandler's prior conviction/probation would have been inadmissible.

■■■■ We begin by discounting appellee's argument that it was "unfair" for the prosecution to be able to use prior crime evidence to attack Norris' testimony while the defendant could not similarly attempt to impeach Chandler's general credibility. This appeal to equity would be cognizable, if at all, as a due process claim; it is unrelated to the function of the confrontation clause. Whether Mills had a constitutionally adequate opportunity to confront Chandler must be ascertained with reference to Chandler's testimony alone. The sixth amendment, after all, does not make one's right to confront adverse witnesses contingent upon the state's decision to confront defense witnesses. Indeed, the Texas statute applies to all witnesses, whether called by the prosecution or the defense: it does not systematically work to the detriment of defendants and may actually favor defendants on balance (if more defense witnesses are likely to have prior conviction/probation records than are prosecution witnesses).

We find no conflict between the confrontation clause and the operation of Texas' rule of evidence in the circumstances of this case. Chandler's conviction occurred some eleven years before Mills was tried. When he was convicted of breaking and entering a coin-operated machine, Chandler was nineteen years old. Had Chandler himself been a defendant in the apple theft case, his prior conviction would not have been admissible against him to show intention or identity. *See United States v. San Martin,* 505 F.2d 918, 921–22 (5th Cir. 1974). We are convinced that no reasonable jury should attach any weight to a rather petty eleven-year-old offense in evaluating a witness' credibility when that witness, since the offense, has established a solid citizenship record. The Texas statute prevents the jury from doing so. Introduction of evidence concerning Chandler's prior offense would only have confused matters, without contributing to the truth-determining function that animates the confrontation clause's guarantee.

Use of prior crime evidence for general impeachment purposes is quite like the generally discredited practice of using extrinsic evidence of alleged criminal acts in order to show a witness' bad character. *See Michelson v. United States,* 335 U.S. 469, 482, 69 S.Ct. 213, 93 L.Ed. 168 (1948); *United States v. Banks,* 475 F.2d 1367, 1368 (5th Cir. 1973); *cf.* Federal Rule of Evidence 608(b). Where a witness' former conviction is remote in time, and in fact resulted in a successfully completed probation, we can discern little difference—from an evidentiary standpoint—between that witness' situation and a witness whose prior conviction has been set aside by pardon, annulled, or ended with a certificate of rehabilitation. *See* Federal Rule of Evidence 609(c).

If a witness' prior crime does not demonstrate his proclivity to prevaricate, the only relevance prior crime evidence could have for general impeachment would be because of the inferred connection between prior criminal conduct and current disrespect for the obligation to testify truthfully. The Texas legislature has made the judgment that the inference is no longer valid when the prior conviction results in a successfully completed probation. This legislative determination is neither irrational nor unfair. And while it is this Court's responsibility to determine the constitutional permissibility of the effects of that judgment, we should not ignore the legislature's attempt to

strike a balance between the utility of testimony in determining the truth and the public policy of avoiding unnecessary stigmatization of former offenders.

The judgment of the district court is REVERSED.