**Albert DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 2–81–051–CR.**

Court of Appeals of Texas,
Fort Worth.

Nov. 4, 1981.

Discretionary Review Granted
Feb. 3, 1982.

Art Brender, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and William D. Kane, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, JORDAN and BROWN, JJ.

OPINION

HUGHES, Justice.

Albert Davis has appealed his conviction of burglary of a building and of his punishment being assessed at ten years in the Texas Department of Corrections. The jury found him guilty and assessed the punishment.

We affirm.

The one point of error advanced by Davis was: The trial court erred in permitting, over appellant's timely objection and motion in limine, cross-examination of the appellant with evidence that the appellant had been previously convicted of a crime in federal court for which he was placed on probation and the period of probation had expired in violation of the Texas Code of Criminal Procedure, Article 38.29.

The only question in this case is purely one of law: Did the state have the right to cross-examine Davis with the evidence that he had been previously convicted of a crime in federal court for which he received probation and for which the period of such probation had expired?

Davis admitted to his conviction in the United States District Court for possession of stolen mail and forgery of a United States Treasury check. His testimony was that he never went to the penitentiary and that he successfully completed his probation. On being asked if he served time in the county jail on that conviction he said "Give me ninety days in jail for it."

We hold the federal conviction here complained of by Davis to be a final conviction as contemplated under V.A.C.C.P. art. 38.29 for use in impeachment of witnesses.

Probated sentences in federal courts are held to be final convictions. 18 U.S.C. § 3651 et seq. *Roberts v. U.S.,* 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41 (1943); *Berman v. U.S.,* 302 U.S. 211 (1937); *Burns v. U.S.,* 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932); *Nix v. U.S.,* 131 F.2d 857 (5th Circ. 1942) *cert. denied,* 318 U.S. 771, 63 S.Ct. 761, 87 L.Ed. 1142. Inasmuch as federal law holds federal probations final convictions, so do we.

A recent Texas case held that a federal conviction for an offense which did not amount to a felony under the Texas Penal Code could be used to enhance punishment where, as here, the federal offense carried a possible penitentiary confinement. *Ex Parte Blume,* 618 S.W.2d 373 (Tex.Crim. App.1981).

In this particular case blank checks of the company whose premises were broken into were found in the immediate area where Davis was arrested. Davis testified that he did not steal them and said, "What can I do with that?" The obvious answer to one who has previously been convicted of forgery of a check was being confronted with the federal forgery conviction of which he here complains. The federal forgery conviction was properly used to rebut his self-proclaimed ignorance and to show his knowledge of forgery and his intent. Davis invited the state to show: "What can I do with that?"

We affirm the judgment and sentence of the trial court.