**Albert DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 028–81.**

Court of Criminal Appeals of Texas.

Feb. 2, 1983.

Art Brender, court appointed, Fort Worth, for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall, Joe C. Lockhart, William D. Kane, Stephen Chaney and Charles H. Roach, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

This cause is before us on appellant's petition for discretionary review, the Court of Appeals, 623 S.W.2d 790, having affirmed his conviction for burglary with intent to commit theft.

Appellant now contends the Court of Appeals erred by overruling complaint of his improper impeachment by the State in violation of Article 38.29, V.A.C.C.P.[1] That court cast the issue this way:

"Did the State have the right to cross-examine [appellant] with the evidence that he had been previously convicted of a crime in federal court for which he re-ceived probation and for which the period of such probation had expired?"

The Court of Appeals determined the State did have the right to so crossexamine appellant for two reasons, *viz:* probated sentences are "final convictions" under federal law and are available for enhancement of punishment in Texas, citing *Ex parte Blume,* 618 S.W.2d 373 (Tex.Cr.App.1981); and proof of the federal conviction for forgery of a United States Treasury check was admissible to show appellant's "knowledge of forgery and his intent."

## PRESERVATION OF ERROR

We granted appellant's petition for discretionary review in order to examine the merits of the issue presented; however, since the cause was submitted, a question has been raised as to appellant's preservation of error.[2]

The record reveals that after the State rested and before appellant took the stand in his own behalf, defense counsel moved for an instruction that the State be prohibited from referring to, or cross-examining appellant "for the purpose of impeachment, about a 1963 Texas conviction on which appellant had successfully completed a five year probation," and "a probation conviction on May 2nd, 1975, where he was placed on probation for three years in the custody of the United States Attorney General and which has expired without having been revoked."

The prosecutor agreed that the 1963 Texas probation was inadmissible, but asserted "the Federal authorities do not have probation" and argued that the " '75 conviction [for possession of stolen mail and forging a United States Treasury check] was not a

---

1. Article 38.29, supra, provides in relevant part: "The fact that a defendant in a criminal case . . . has been charged by indictment, information or complaint, with the commission of an offense against the criminal laws . . . of the United States, . . . *shall not be admissible in evidence* on the trial of any criminal case *for the purpose of impeaching [him]* as a witness *unless* on trial under such indictment, information or complaint *a final conviction has resulted, or a suspended sentence* has been given and *has not been set aside, or* such person has been placed on probation and the *period of probation has not expired."* (All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.)

2. That appellant's failure to present documentary proof of the expiration of his probation presents nothing for review.

probated sentence *in that* it was in Federal Court [and that is a final conviction]." The trial court overruled appellant's motion as to the federal cause.

It is apparent that no dispute existed between the parties as to whether the 1975 federal conviction resulted in an incarceration of appellant as opposed to a suspended sentence, or whether the period of suspension had expired. Rather, it was the prosecutor's position that "the Federal authorities do not have probation," and the questioned cause was not probation *because* it was obtained in federal court.

 We agree with the Court of Appeals that the issue thus joined "is purely one of law." The suggestion that this issue is not preserved *sans* appellant's production of documentary proof of the cause for inadmissibility is not only procedurally inappropriate in this case, but is unsound as a matter of substantive law in general. One of the most basic principles extant in the law of evidence is that the burden is on the tendering party to establish the *prima facie* admissibility of evidence offered. See, e.g., *Poore v. State,* 524 S.W.2d 294 (Tex.Cr.App. 1975). We see no justification for rearrang-

ing this well settled burden of production when the evidence proffered consists of a prior accusation against the witness.

It cannot be disputed that Article 38.29, supra, is in the language of a prohibition which allows exceptions in three circumstances; clearly, he who seeks excuse from the prohibition is burdened with establishing his entitlement.[3] To the extent that *Van Sickle v. State,* 604 S.W.2d 93 (Tex.Cr. App.1980)[4] conflicts with what we have said here, it is overruled.

## ADMISSIBILITY AS GENERAL IMPEACHMENT

 It is well settled that the admissibility and effect of offered evidence which does not affect a substantive right are to be determined by the forum in which such evidence is sought to be introduced.[5] It follows that the fact that the federal courts may characterize a successfully completed federal probation as a "final conviction" for federal purposes,[6] by no means controls the admissibility of evidence thereof for the purpose of general impeachment of a witness in a Texas court.[7] Rather, the ques-

3. When the purpose of the crossexaminer's question is to establish facts having a tendency to affect the witness' credibility—such as a motive for testifying as he has—the witness' denial of those facts gives the crossexaminer the right to illustrate the true circumstances bearing on the issue by extrinsic testimony, documentation or the like. See *Spain v. State,* 585 S.W.2d 705 (Tex.Cr.App.1979); *Castro v. State,* 562 S.W.2d 252 (Tex.Cr.App.1978); *Randle v. State,* 565 S.W.2d 927 (Tex.Cr.App.1978); *Jackson v. State,* 482 S.W.2d 864 (Tex.Cr.App. 1972); *Curry v. State,* 72 Tex.Cr.App. 463, 162 S.W. 851 (1913).

Thus, our decision today should not be construed to forbid a crossexaminer's *question* of a witness regarding a prior conviction unless documentation of its admissibility is in hand; but we do emphasize that asking such a question, without extrinsic proof of the facts underlying it, is done at great risk that an objection will be voiced or a denial elicited, either of which would necessitate a *prima facie* showing of propriety for the question.

4. *Habeas relief granted sub nom. Van Sickle v. Santos,* No. L–80–70 (S.D.Tex. December 8, 1982).

5. Restatement, Second, Conflict of Laws §§ 137, 138 (1971). See also E. Scoles and P. Hay, *Conflict of Laws* § 12.10 (1982); R. Leflar, *American Conflicts of Law* § 123 (2nd ed. 1968); H. Goodrich, *Handbook of the Conflict of Laws* §§ 80, 81 (3rd ed. 1949); and D. Siegel, *Conflicts In a Nutshell* § 63 (1982).

6. The Court of Appeals merely observed that "[p]robated sentences in federal courts are held to be final convictions," then concluded, "[i]nasmuch as federal law holds federal probations final convictions, so do we."

But of the four federal cases cited by the Court of Appeals, in two a probation was *revoked,* and those remaining stand only for the proposition that the grant of a probation constitutes a "final conviction" *for purposes of appeal.*

Thus, to the extent the cited cases reflect relevant federal law, Texas law is indeed the same. See Article 38.29, supra; and *Fitzpatrick v. State,* 458 S.W.2d 924 (Tex.Cr.App. 1970).

7. It is instructive to consider the federal rule regarding impeachment is quite similar to ours except that in the case of a prior conviction for an offense punishable by more than one year,

tion is purely one of State evidentiary law. Thus, the Court of Appeals erred in holding in effect we are bound by federal law in determining the character of the conviction in issue.

■ Our Legislature has declared Texas policy to be that proof of formal accusations brought against a witness will not constitute evidence that he, in general, is unworthy of belief in the following circumstances: the accusation has not been fully adjudicated or, if adjudicated, has resulted in either a suspended sentence which has been set aside or a probation which has expired. Article 38.29, supra.[8] Moreover, the statute's specific inclusion of accusations of offenses "against the criminal laws ... of the United States" contemplates that admission into, or exclusion from, evidence of a federal cause be done in a manner wholly consistent with the policies expressed in the statute.

■ The Court of Appeals cited *Ex parte Blume,* 618 S.W.2d 373 (Tex.Cr.App.1981) without intimating the basis for reliance thereon. We are not persuaded that *Blume,* supra, assists us today, either directly or by analogy. In that case we merely gave effect to a change in statutory law wrought by the 1974 Penal Code: by statute, we are required to consider sister state and federal convictions—if punishable by confinement in a penitentiary—to be third degree felonies for purposes of enhancing punishment or punishing an accused as a repeat offender under subchapter D of Chapter 12.[9] V.T.C.A. Penal Code, § 12.-41(1). By this modification in the statutory law, the Legislature consciously removed the judicial gloss previously applied to antecedent provisions of former penal codes.

In contrast, no such statutory mandate compels us to characterize as "final," and perforce "admissible" for impeachment, a federal probation which has been successfully served simply because it might be admitted by federal courts for purposes peculiar to federal law. We are therefore left with only Article 38.29, supra, and the unambiguous policies it expresses.

■ Accordingly, we are impelled to hold that evidence of a successfully served federal probation is not admissible for purposes of general impeachment under Article 38.-29, supra, and the determination of the Court of Appeals to the contrary was in error.

## EXTRANEOUS CONDUCT RELEVANT TO MATERIAL ISSUE

We now turn to the final ground for affirmance of appellant's conviction cited by the Court of Appeals; [10] *viz:* evidence of appellant's federal probated forgery convic-

---

the trial judge must determine that the probative value of the evidence outweighs the prejudicial effect to the criminal defendant, before it can be admitted. Federal Rules of Evidence, Rule 609(a)(1). Moreover, the fact that a conviction is pending appeal in no way affects its admissibility in federal court. *Id.,* Rule 609(e). And while the federal courts have held a successfully served probated federal conviction may be admitted for impeachment purposes, subject to Rule 609(a)(1), supra, this has not been determined on the basis of any "final" character of the conviction. E.g., *United States v. Hall,* 588 F.2d 613 (CA8 1978).

On the other hand, the United States Court of Appeals for the Fifth Circuit has acknowledged the legitimacy of the Texas policy here in issue, correctly characterizing it thus:

"... [Texas'] rule ... equates the credibility of testimony given by a successful probationer with that of a normal citizen.... In substance, the state's decision is to treat a former conviction resulting in probation which is successfully completed as no different than any other irrelevant fact about the witness." *Mills v. Estelle,* 552 F.2d 119, 121, n. 2 (CA5 1977).

The effectuation of Texas evidentiary policy in this context clearly does not jeopardize the vindication of any important federal or constitutional right. *Mills,* supra; see also *Conflicts in a Nutshell,* supra, § 81 at 269 [wherein the problem of "false conflicts" is discussed].

**8.** See *Mills,* supra, quoted in n. 6, *ante.*

**9.** Implicit in the Court's decision in *Blume,* supra, is that the acts of the Legislative Department which were there in issue did not, in that case, so egregiously offend the public policy of the State of Texas that constitutional protections were implicated. [See opinion concurring.]

**10.** Rule 303(a), Article 44.33, V.A.C.C.P.

tion was admissible to show his "knowledge of forgery and his intent."

The record reflects that on direct examination of appellant his counsel asked:

"Q: Did you come out of that building with this radio and all of those checks that have been offered into evidence? A: No, sir. *What can I do with that?*"

The Court of Appeals held appellant invited the State to answer this question and the subsequently admitted evidence of "possession of stolen mail, forging a U.S. Treasury check" was admissible to "rebut his self-proclaimed ignorance." Though on a slightly different basis, we are constrained to agree with the Court of Appeals that no reversible error attended the admission of this evidence, still the issue is close.

Appellant was convicted on circumstantial evidence. Essentially, that evidence was that several officers involved in a stakeout observed two men walking up to the Chambers-Dickson, Inc. Building, then disappear. It was 2:00 a.m. A loud crash was heard, so the officers got in their cars and converged on the building. As they approached, they saw the same two men moving away from the building toward a vacant lot; they appeared to be carrying something. Eventually, after searching the field, both men were found hiding beneath a large tree, the branches of which touched the ground. A two way radio was found in the search; it was later identified as belonging to Chambers-Dickson, Inc. Several blank checks on the accounts of accounting clients of Chambers-Dickson, Inc., and a tire tool were found in the vicinity of the tree, under which appellant and his companion had hidden.

Appellant denied the burglary, claiming he and his companion were intoxicated and ran for fear of being charged with loitering or public intoxication. He denied the blank checks were found near the tree.

 It is an established general principle of evidence that proof of prior specific acts of misconduct, similar happenings or extraneous transactions committed by a party is not probative of the contested ma-

terial issues in the case on trial, and therefore inadmissible. See generally *Bates v. State,* 643 S.W.2d 939 (Tex.Cr.App.1982) and cases cited there. However, the evidentiary policies generally precluding admission of extraneous conduct must in some circumstances give way. *Rubio v. State,* 607 S.W.2d 498 (Tex.Cr.App.1980) (Opinion Concurring).

"Whether or not the State may prove a collateral crime is to some extent dependent on the burden of proof imposed upon the State, and the type of evidence which the State has to offer [or has offered] in proof of the *essential elements* of its case."

*Albrecht v. State,* 486 S.W.2d 97 (Tex.Cr. App.1972). Thus, the elements of the offense charged generally comprise the material issues involved in a criminal prosecution. *Id.;* see also *Murphy v. State,* 587 S.W.2d 718 (Tex.Cr.App.1979).

The first question, then, is whether the fact appellant was convicted of "possession of stolen mail and forgery of a U.S. Treasury check" is relevant to any material issue extant in his prosecution for burglary with intent to commit theft.

Appellant was not charged with forgery; neither was he charged with burglary with intent to commit forgery. For this reason, we cannot agree with the Court of Appeals' determination that the extraneous conviction was relevant to the issue of the culpable *intent* the State was required to prove under the indictment. Similarly, appellant's "knowledge of forgery" was not a material issue in the case in the traditional sense.

Instead, appellant's rhetorical question concerning the radio and the blank checks, "What can I do with that?," squarely suggested he would have no motive to break into the office of an accounting corporation and appropriate blank checks and a two way radio. We accordingly hold proof of appellant's motive to commit the instant offense was supplied by evidence of the extraneous conviction. *Russell v. State,* 598 S.W.2d 238 (Tex.Cr.App.1980); *Rodriguez v. State,* 486 S.W.2d 355 (Tex.Cr.App.1972).

Moreover, in this specific context, appellant's gratuitous question, "What can I do with that?," was tantamount to an assertion that he knew of no way he could benefit from the proceeds of the burglary. Appellant's having given an incorrect version of the truth, the State was entitled to adduce the ordinarily inadmissible evidence of appellant's prior experience with both possession of stolen material and forgery, in order to correct the false impression left with the jury.[11]

 Under the circumstances of this case, we hold the admission of this evidence was more probative of material issues in the case than prejudicial to appellant.

For the reasons stated, the judgment of the Court of Appeals is affirmed.

ONION, P.J., and ODOM, J., concur in result.

TEAGUE, J., not participating.

---

11. While the State may not "set up" a denial in order to impeach the accused on a collateral matter, what the appellant did here was similar to making a "blanket statement" that he had "never been in trouble." See generally *Hoffman v. State*, 514 S.W.2d 248 (Tex.Cr.App. 1974).