**Jesus Zuniga PENA, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 05–83–00471–CR.

Court of Appeals of Texas,
Dallas.

March 19, 1984.

Ross Teter, Dallas, for appellant.

Henry Wade, Dist. Atty., Molly Meredith, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, SPARLING and SHUMPERT, JJ.

AKIN, Justice.

This appeal is from a conviction of murder for which the appellant was assessed a life sentence. Appellant contends that the trial court erred in (1) failing to make a finding of fact as to whether a prior conviction, utilized to impeach the appellant, was final; (2) failing to instruct the jury not to

consider the prior conviction for impeachment purposes unless they found it to be final; and (3) failing to instruct the jury not to impose a sentence which was disproportionate to the offense. Appellant does not challenge the sufficiency of the evidence. Because appellant's contentions are without merit, we affirm.

Appellant initially contends that the trial court erred in refusing to make a finding of fact as to whether appellant's prior conviction was final. Prior to the time the appellant testified before the jury at the guilt-innocence stage of the trial, a hearing was held outside the jury's presence to determine the finality of appellant's prior conviction. A pen packet was introduced of the prior conviction which was regular on its face, and which contained nothing to indicate the case was on appeal. The appellant took the stand at the hearing and stated that his prior conviction was on appeal. The appellant then requested that the trial court make a finding of fact as to the finality of the prior conviction. This request was denied.

■ The appellant cites no authority for his proposition that a finding of fact was required in this situation and we can find no authority mandating such a finding. This is not a situation where a finding of fact is mandated by the Code of Criminal Procedure such as under Article 38.22 which concerns the voluntariness of confessions, and we note even in the case of a hearing on the voluntariness of a confession the federal constitution does not mandate the making of a finding of fact. *See Sims v. Georgia,* 385 U.S. 538, 544, 87 S.Ct. 639, 643, 17 L.Ed.2d 593, 598 (1967). Without either some constitutional or legislative mandate, we are unwilling to impose a duty on the trial court to make a finding of fact in this context. Even if such a finding were required, we note that the trial court stated his conclusion that the appellant's testimony alone was insufficient to raise an issue as to the finality of the conviction when the judgment appeared regular and final on its face, although the judge made no formal finding. Thus, the appellant was clearly informed of the basis for the trial court's ruling and could not have been harmed by the trial court's refusal to make a finding of fact as to the judgment's finality.

Appellant next contends that the trial court erred when it failed to instruct the jury that they were not to consider appellant's prior conviction for impeachment purposes unless they believed it was a final conviction. We note that the charge on guilt/innocence which is contained in the transcript of this case included the instruction which appellant contends the trial court failed to submit. Although the statement of facts indicates this requested instruction was denied, the transcript contains a certificate of approval from the trial judge stating that no objection was made to the composition of the record. Accordingly, we presume that the requested charge was given. *Jones v. State,* 644 S.W.2d 546 (Tex.App.—Dallas 1982) (*en banc*); aff'd, 646 S.W.2d 449 (Tex.Cr.App. 1983) (*en banc*).

■ However, even if the requested instruction were not actually given, no error is presented. A prima facie showing of finality is made when a judgment and sentence regular on its face is introduced, as was done in this case. The burden of producing evidence to show lack of finality then shifts to the defendant. As we read *Poore v. State,* 524 S.W.2d 294, 296–97 (Tex.Cr.App.1975), the defendant's parol testimony that the conviction is not final is no evidence of lack of finality. Instead, the defendant must produce some documentary evidence to rebut the State's prima facie showing of finality. Since no documentary evidence rebutting the finality of the judgment was adduced, we hold that no issue of fact was created for the jury. Consequently, the requested instruction was unnecessary.

Our holding is not precluded by *Davis v. State,* 645 S.W.2d 288 (Tex.Cr.App.1983), which concerned the preservation of error. The basis of the holding in *Davis* was that the burden of producing evidence did not shift to the party against whom the final

conviction was offered until a prima facie showing of admissibility by the offering party was made. *Davis* did not address the type of evidence needed to rebut a prima facie showing of finality. Thus, *Davis* is not controlling where a prima facie showing of finality was made by the party offering the prior conviction.

Finally, appellant contends that the trial court erred when it failed to submit the following charge at the punishment stage of trial. "No punishment may be assessed by the Jury that is so excessive in length as to be disproportionate to the offense." We cannot agree. The jury was instructed on the applicable range of punishment, and a sentence, which is within the applicable range of punishment, is not considered cruel or unusual. *Jordon v. State*, 495 S.W.2d 949, 952 (Tex.Cr.App. 1973). Thus, the jury was forestalled from imposing a disproportionate sentence, and the requested instruction was unnecessary.

Affirmed.