COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-245-CR

  
ALLEN 
FITZGERALD CALTON A/K/A                                        APPELLANT
ALLEN 
FRITZGERALD CALTON
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        A 
jury convicted Appellant Allen Fitzgerald Calton of the third degree felony of 
evading arrest or detention using a vehicle, found the enhancement and habitual 
offender allegations true, and assessed Appellant’s punishment at fifty 
years’ confinement in the Institutional Division of the Texas Department of 
Criminal Justice. The trial court sentenced Appellant accordingly. Appellant 
brings five points on appeal. He complains that his sentence is illegal because 
the prior evading arrest conviction, an essential element of the third degree 
felony, was not proven at the guilt-innocence phase. He also contends that the 
trial court erred in admitting evidence of an extraneous offense and in 
overruling his objections to improper arguments by the State. Because the 
evidence is legally insufficient to support Appellant’s conviction for the 
third degree felony of evading arrest or detention, we reform the trial 
court’s judgment to reflect his conviction for the state jail felony of 
evading arrest or detention and remand the case for a new punishment hearing.
Background 
Facts
        On 
April 20, 2002, a Coppell police officer saw a red Corvette parked under a 
bridge. The driver, Appellant, was throwing things out of the car and looking 
through the trunk. When Appellant noticed the officer watching him, he quickly 
got into his car and drove away. The officer followed him until he reached 
Grapevine.
        At 
that time, the Coppell police dispatcher notified the Grapevine police of the 
situation. The Grapevine Police Department had also received a call from a 
citizen reporting a reckless driver in a red Corvette. Officer Ramirez found the 
red Corvette driven by Appellant and attempted to stop him. Appellant pulled 
over on the side of the road, but when Officer Ramirez came to a stop behind 
him, Appellant took off, driving across an exit lane and through the grass to 
get back on the highway.
        As 
Officer Ramirez chased Appellant, Appellant committed multiple traffic offenses. 
Additionally, during the chase, Appellant stuck his hand out of the car window 
and emptied a bag of white powder. The chase ended when Appellant drove his car 
into Lake Lewisville, where he was apprehended. Both the Coppell police officer 
and Officer Ramirez had dashboard video cameras recording the events.
        The 
State did not introduce evidence of the prior conviction for evading arrest and 
the prior felony convictions until the punishment phase.
Legal 
Sufficiency
        Appellant 
argues in his first point that the evidence is not legally sufficient to convict 
him of a third degree felony because the State failed to prove an essential 
element of the offense, a prior evading arrest or detention conviction, at the 
guilt-innocence phase of his trial. The State, however, argues that the prior 
evading arrest or detention conviction is not a jurisdictional element of the 
offense but is alleged merely for enhancement purposes, and, therefore, was 
properly proven only at the punishment phase of trial. We agree with the State 
that the prior offense element of section 38.04(b)(2)[1] 
is not a jurisdictional element because a felony district court necessarily has 
jurisdiction of state jail felonies. We disagree, however, with the State’s 
position that the prior conviction requirement is not an essential element of 
the offense that must be proven at the guilt-innocence phase.
        In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
the evidence in the light most favorable to the verdict.[2]  
We may not overturn the verdict unless no rational trier of fact could have 
found the essential elements of the crime beyond a reasonable doubt.[3]  The elements of an offense must be charged in the 
indictment, submitted to the jury, and proven by the State beyond a reasonable 
doubt.[4]
        In 
Texas, an element of an offense is defined as: the forbidden conduct, the 
required culpability, any required result, and the negation of any exception to 
the offense.[5]  To determine the statutory 
elements defining a criminal offense, courts look to the literal text of the 
statute for its meaning and ordinarily give effect to that plain meaning, unless 
application of the statute’s plain meaning would lead to absurd consequences 
that the legislature could not possibly have intended, or the plain language is 
ambiguous.[6]
        In 
the case now before us, Appellant was convicted of the third degree felony 
offense of evading arrest or detention.[7]  In 
addition to the elements of the basic offense set out in section 38.04, 
subsection (b)(2)(A) lists two requirements for making the offense a third 
degree felony: the actor must have used a vehicle while in flight and must have 
been previously convicted of an offense under section 38.04.[8]  
Although we agree with Judge Holcomb[9] and the State 
that it would eliminate the risk of prejudice for the trier of fact to address 
prior conviction issues in the punishment phase of trial, the legislature has 
not taken this path. Because the use of a motor vehicle and the previous 
conviction for evading arrest or detention are both elements that define the 
crime, the plain language of the statute requires both to be found in the 
guilt-innocence phase of trial.[10]  
Furthermore, it would be contradictory to interpret the statute as requiring 
these two elemental requirements of the crime, found under the same subsection 
of the statute, to be proven at different phases of the trial.
        In 
other words, under our penal statute, a prior evading arrest or detention is a 
specific attendant circumstance that serves to define, in part, the forbidden 
conduct of the third degree felony of evading arrest or detention.[11]  Consequently, if a person, such as Appellant, 
commits the offense of evading arrest or detention with the requisite attendant 
circumstances, that is, he uses a vehicle while in flight and has a prior 
evading arrest or detention conviction, then the person has committed the third 
degree felony of evading arrest or detention.[12]
        The 
State, however, argues that under article 36.01(a)(1) of the Texas Code of 
Criminal Procedure, the prior conviction requirement must be interpreted as 
enhancement language only and that the prior offense was therefore properly 
proven only at punishment. To support its argument, the State cites many cases 
holding that prior convictions alleged for enhancement purposes only and not as 
jurisdictional elements should not be proven during the guilt-innocence stage.[13]  These cases, however, address statutes that either 
contain enhancement-only provisions that will affect jurisdiction, enhancement 
provisions that refer to provisions in Chapter 12 of the Texas Penal Code, which 
is the chapter on punishment, or enhancement provisions that contain the Chapter 
12 enhancement language, that is, language stating, “if it is shown on the 
trial of a state jail felony . . . .” [14]
        The 
Chapter 12 enhancement language makes it clear that the enhancement is to be 
proven after the defendant has already been convicted of the primary offense.[15]  On the other hand, the requirements in section 
38.04(b)(2) that make the offense of evading arrest or detention a third degree 
felony are presented as elements of the felony offense itself, rather 
than as enhancement provisions.[16]  The alleged 
“enhancement” provision of section 38.04(b)(2) does not contain the 
post-conviction language. Instead, section 38.04(b)(2) sets forth the required 
elements that define the offense as a third degree felony and that must be 
proven in the State’s case-in-chief at the guilt-innocence stage of trial.
        Additionally, 
a prior conviction must be proven at the guilt-innocence stage if it is an 
aggravating element of the offense rather than a sentencing consideration.[17]  The structure of section 38.04(b)(2) is consistent 
with other statutes in the Texas Penal Code, such as those defining theft[18] and assault,[19] that treat 
prior convictions as aggravating elements of an offense rather than sentencing 
or “enhancement” factors.[20]  Because the 
structure, language, subject matter, context, and history of the statute make 
the prior conviction an aggravating element of the third degree felony offense 
of evading arrest or detention, the prior conviction must be proven at the 
guilt-innocence phase of the trial.[21]  
Consequently, the prior conviction not only must be included in the indictment; 
it also must be proven at the guilt-innocence phase of trial.[22]
        In 
this case, although paragraph two of the indictment states that “prior to the 
commission of the offense . . . the defendant had been finally convicted of 
evading arrest or detention,” the State did not put on any evidence of the 
prior conviction at the guilt-innocence phase of trial. Furthermore, the jury 
charge at the guilt-innocence phase provided that Appellant “commits the 
offense of evading arrest or detention using a vehicle if he intentionally flees 
from a person he knows is a peace officer attempting to arrest him or detain him 
for the purpose of questioning or investigating possible criminal activity,” 
which under section 38.04 is a state jail felony.[23]  
The jury was not instructed to determine whether Appellant had been previously 
convicted of evading arrest or detention before finding Appellant guilty; the 
jury charge at guilt-innocence did not mention the prior conviction requirement 
at all. Therefore, the evidence is legally insufficient to support Appellant’s 
conviction of the third degree felony of evading arrest or detention. It is 
sufficient, however, to support conviction of the state jail felony of evading 
arrest or detention.[24]  Because Appellant was 
actually charged with a lesser included offense of the offense for which he was 
convicted, we are authorized to reform the judgment.[25]  
We sustain Appellant’s first point but join Judge Holcomb in urging the 
legislature to “revise the Penal Code to eliminate the risk of an improper 
verdict based on prejudice introduced by . . . elements of the offense, and 
somehow provide, rather, that evidence of the prior convictions be admissible, 
except for purposes recognized by the Texas Rules of Evidence, only at 
punishment via an enhancement provision.”[26]  
Because of our disposition of this point, we do not reach Appellant’s second 
point.[27]
Evidence of 
Extraneous Offense
        In 
his third point, Appellant argues that admission of Officer Ramirez’s 
testimony violated rule 404(b) and rule 403 of the rules of evidence.[28]  He did not lodge this objection at the trial 
level, and did not preserve this complaint for appeal.[29]  
It is therefore not before us.
        Appellant 
also argues in this point, however, that the trial court reversibly erred by 
allowing the State, over objection, to present purely speculative testimony of 
an extraneous offense in the guilt-innocence phase of trial. Specifically, 
Appellant complains that the prosecutor elicited testimony from police officers 
that, while racing down the freeway in separate vehicles, they had observed 
Appellant shaking a white powder from a clear plastic baggie into the air 
outside his car. Although the baggie and its contents were never recovered and, 
thus, the contents of the baggie were never analyzed, Officer Ramirez testified 
that the powder was “consistent with powder cocaine.” Ramirez also testified 
that, although he had seen training videos of substances being thrown out of 
cars during police chases, he had never actually been involved in a chase in 
which illegal drugs had been thrown out of a car. While a lay witness may offer 
an opinion based on his perception that would help the jury understand his 
testimony or determine a fact issue,[30] whether 
Appellant possessed drugs at the time of the chase is not directly relevant to 
whether he evaded arrest. If the evidence was offered only to describe the 
context of the charged offense, Officer Ramirez far exceeded the testimony 
necessary to show that context. He could have properly testified that a white 
powdery substance was poured out of the baggie, but he could not know from his 
vantage point whether the white powdery substance was cocaine, amphetamine, 
powdered milk, sugar, or any of the numerous white substances used to cut 
cocaine. The trial court abused its discretion in allowing Officer Ramirez’s 
testimony.[31]
        Because 
the error complained of is non-constitutional, we must determine whether the 
error had a substantial and injurious effect or influence in determining the 
jury’s verdict.[32]  The police officers 
videotaped the pursuit of Appellant. The jury viewed the videotapes and, with no 
objection by the defense, saw Appellant empty the baggie out the window. The 
additional testimony by Ramirez that in his opinion the white powdery substance 
was cocaine did not likely substantially sway the jury to convict Appellant. 
Evidence of guilt was overwhelming, and, because we are remanding this case for 
a new punishment trial, we cannot say that the error affected punishment. 
Because we hold that the complained of testimony had minimal effect on the jury, 
we overrule Appellant’s third point on appeal.
Jury Argument
        In 
his fourth point, Appellant complains that the prosecutor injected his personal 
opinion about a witness’s credibility during the prosecutor’s final argument 
at the guilt-innocence phase. Appellant is correct; the prosecutor did express 
his personal opinion of a witness’s credibility. Specifically, the prosecutor 
argued, “I mean, I think he was credible.” Appellant, however, made no 
objection to that argument, and did not preserve his complaint for appeal.[33]  He has thus waived the complaint. We overrule 
Appellant’s fourth point.
        In 
his final point, Appellant complains that the trial court erred by denying a 
mistrial after the prosecutor stated in closing argument at the guilt-innocence 
phase that the white powdery substance Appellant emptied out the car window was 
cocaine. When the trial court sustains an objection and instructs the jury to 
disregard but denies a defendant’s motion for a mistrial, the issue is whether 
the trial court erred in denying the mistrial.[34]  
Its resolution depends on whether the trial court’s instruction to disregard 
cured the prejudicial effect, if any, of the improper argument.[35]  Generally, an instruction to disregard 
impermissible argument cures any prejudicial effect.[36]  
In assessing the curative effect of the trial court’s instruction to 
disregard, the correct inquiry is whether, in light of the record as a whole, 
the argument was extreme, manifestly improper, injected new and harmful facts 
into the case, or violated a mandatory statutory provision and was thus so 
inflammatory that the instruction to disregard was ineffective.[37] If the instruction cured any prejudicial effect caused 
by the improper argument, a reviewing court should find that the trial court did 
not err.[38]  Only if the reviewing court 
determines the instruction was ineffective does the court go on to determine 
whether, in light of the record as a whole, the argument had a substantial and 
injurious effect or influence on the jury’s verdict. [39] 
In light of the record as a whole, including the overwhelming evidence of guilt, 
we cannot say that the trial court’s instruction to disregard the 
prosecutor’s improper comment about cocaine was ineffective. We overrule 
Appellant’s fifth point.
Conclusion
        Because 
we hold that the evidence is legally insufficient to support a conviction of the 
third degree felony of evading arrest or detention but legally sufficient to 
support conviction of the lesser-included state jail felony of evading arrest or 
detention, we reform the judgment to reflect conviction of the state jail 
felony. We affirm the conviction as reformed, but we reverse and remand this 
case for a new trial on punishment.

 
                                                          LEE 
ANN DAUPHINOT
                                                          JUSTICE
 
PANEL 
B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.
PUBLISH
DELIVERED: 
February 12, 2004


NOTES
1. 
Tex. Penal Code Ann. § 38.04(b)(2)(A) (Vernon 2003).
2. 
Narvaiz v. State, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), cert. 
denied, 507 U.S. 975 (1993).
3. 
Emery v. State, 881 S.W.2d 702, 705 (Tex. Crim. App. 1994), cert. 
denied, 513 U.S. 1192 (1995) (emphasis added).
4. 
Weaver v. State, 87 S.W.3d 557, 560 (Tex. Crim. App. 2002), cert. denied, 
538 U.S. 911 (2003).
5. 
Id.
6. 
Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).
7. 
See Tex. Penal Code Ann. § 
38.04(b)(2)(A).
8. 
Id.; State v. Atwood, 16 S.W.3d 192, 196 (Tex. App.—Beaumont 2000, pet. 
ref’d).
9. 
See Hollen v. State, 117 S.W.3d 798, 804 (Tex. Crim. App. 2003) (Holcomb, 
J., concurring).
10. 
Ford v. State, 112 S.W.3d 788, 791 (Tex. App.—Houston [14th 
Dist.] 2003, no pet.).
11. 
See Weaver, 87 S.W.3d at 560.
12. 
See id.; see also State v. Morgan, 110 S.W.3d 512, 514 (Tex. 
App.—Beaumont 2003, pet. granted).
13. 
See Gibson v. State, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999); Gant 
v. State, 606 S.W.2d 867, 871 (Tex. Crim. App. 1980); Bell v. State, 
504 S.W.2d 498, 500–01 (Tex. Crim. App. 1974); Broughton v. State, 148 
Tex. Crim. 445, 188 S.W.2d 393, 395 (1945); Addington v. State, 730 
S.W.2d 788, 790 (Tex. App.—Texarkana 1987, pet. ref’d).
14. 
See Tex. Penal Code Ann. § 12.42 (Vernon 2003).
15. 
Id.; see Gibson, 995 S.W.2d at 696.
16. 
Throneberry v. State, 109 S.W.3d 52, 55 (Tex. App.—Fort Worth 2003, no 
pet.) (op. on PDR).
17. 
See Jones v. United States, 526 U.S. 227, 232, 119 S. Ct. 1215, 1219 
(1999).
18. 
See Tex. Penal Code Ann. § 31.03(e)(2)(B), (4)(D); see 
also Mott v. State, 835 S.W.2d 256, 259–60 (Tex. App.—Houston [14th 
Dist.] 1992, pet. ref’d).
19. 
See Tex. Penal Code Ann. § 22.01(b)(2).
20. 
See Atwood, 16 S.W.3d at 196.
21. 
See Ford, 112 S.W.3d at 791.
22. 
See id.
23. 
Tex. Penal Code Ann. § 38.04(b)(1).
24. 
See id.
25. 
See Collier v. State, 999 S.W.2d 779, 782 (Tex. Crim. App. 1999).
26. 
Hollen, 117 S.W.3d at 804 (Holcomb, J., concurring).
27. 
See Tex. R. App. P. 47.1.
28. 
See Tex. R. Evid. 403, 404(b).
29. 
See Sterling v. State, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990); 
Nelson v. State, 864 S.W.2d 496, 499 (Tex. Crim. App. 1993), cert. 
denied, 510 U.S. 1215 (1994).
30. 
Tex. R. Evid. 701.
31. 
See Howard v. State, 713 S.W.2d 414, 416 (Tex. App.—Fort Worth 1986), 
pet. ref’d, 789 S.W.2d 280 (Tex. Crim. App. 1988).
32. 
King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).
33. 
See Sterling, 800 S.W.2d at 521; Nelson, 864 S.W.2d at 499.
34. 
Faulkner v. State, 940 S.W.2d 308, 312 (Tex. App.—Fort Worth 1997, pet. 
ref’d) (en banc op. on reh’g).
35. 
Id.
36. 
Wesbrook v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000), cert. 
denied, 532 U.S. 944 (2001); Dinkins v. State, 894 S.W.2d 330, 357 
(Tex. Crim. App.), cert. denied, 516 U.S. 832 (1995).
37. 
Wesbrook, 29 S.W.3d at 115-16; Hernandez v. State, 819 S.W.2d 806, 
820 (Tex. Crim. App. 1991), cert. denied, 504 U.S. 974 (1992).
38. 
Dinkins, 894 S.W.2d at 357; Faulkner, 940 S.W.2d at 312.
39. 
Tex. R. App. P. 44.2(b); King, 
953 S.W.2d at 271.