**Billy Ray NELSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 71412.**

Court of Criminal Appeals of Texas, En Banc.

May 26, 1993.

Rehearing Denied Oct. 6, 1993.

---

Don Richard, Big Spring, for appellant.

Rick Hamby, Dist. Atty. and William D. Dupree, Asst. Dist. Atty., Big Spring, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

BAIRD, Judge.

Appellant was convicted of capital murder pursuant to Tex. Penal Code Ann. § 19.-03(a)(2).[1] The jury affirmatively answered the punishment issues submitted pursuant to Tex.Code Crim.Proc.Ann. art. 37.071(b)(1) and (2).[2] Punishment was assessed at death. *Id.* at (e). Appeal to this Court is automatic. *Id.* at (h). We will affirm.

In his first point of error, appellant contends the trial court erred in denying appellant's motion to consolidate two indictments alleging offenses arising from the same criminal episode. Appellant was charged with capital murder in the instant case and the attempted capital murder of a second victim. Appellant contends that, because the trial court failed to consolidate the two indictments, he was "deprived of a chance that the jury may have reached a verdict of two (2) life sentences instead of the Death Penalty." Appellant's brief pg. 2. Appellant contends the trial court should have granted the motion to consolidate, or alternatively should have excluded the evidence of the attempted capital murder. *See,* appellant's second point of error.

---

1. Tex. Penal Code Ann. § 19.03(a)(2) provides, in part:

    § 19.03. Capital Murder
    (a) A person commits an offense if he commits murder as defined under Section 19.-02(a)(1) of this code and:

    &ast;    &ast;    &ast;    &ast;    &ast;    &ast;

    (2) the person intentionally commits the murder in the course of committing or attempting to commit ... aggravated sexual assault ...

2. Tex.Code Crim.Proc.Ann. art. 37.071 was amended effective September 1, 1991. However, all references herein refer to the Code of Criminal Procedure in effect at the time of appellant's trial.

Tex.Code Crim.Proc.Ann. art. 37.071(b)(1) and (2) provides:

(b) On conclusion of the presentation of the evidence, the court shall submit the following ... issues to the jury:

(1) whether the conduct of the defendant that caused the death of the deceased was committed deliberately and with the reasonable expectation that the death of the deceased or another would result;

(2) whether there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society[.]

Tex. Penal Code Ann. § 3.02(a) provides: "A defendant *may* be prosecuted in a single criminal action for all offenses arising out of the same criminal episode." (Emphasis added.) As the State points out, § 3.02(a) is permissive, unlike the language of Tex. Penal Code Ann. § 3.04(a), which states: "... the defendant *shall* have a right to a severance" whenever two or more offenses have been consolidated or joined. (Emphasis added.)

■ Although this Court has not previously addressed this issue, the courts of appeals have considered similar points of errors on at least two occasions.[3] In *Mock v. State*, 848 S.W.2d 215, 218 (Tex.App.—El Paso 1992, pet. ref'd), the El Paso Court of Appeals held: "A criminal defendant, charged with multiple criminal offenses, has no statutory right to consolidated trials for those multiple crimes which the defendant is alleged to have committed." The *Mock* Court concluded: "Since [§ 3.02(a)] is not mandatory, an accused is not entitled to consolidation of offenses, as a matter of right, and the trial court did not abuse its discretion by failing to grant Appellant's motion to consolidate." *Mock*, 848 S.W.2d at 219. *See also, Grice v. State*, 635 S.W.2d 890, 892–3 (Tex.App.—Dallas 1982).

We believe the Courts of Appeals correctly resolved the issue. A defendant does *not* have a right to consolidate offenses committed in the same criminal episode. Consequently, the trial judge did not err in denying appellant's motion to consolidate the two indictments. Appellant's first point of error is overruled.

■ In his second point of error, appellant contends the trial judge erred in admitting evidence of the extraneous offense of attempted capital murder. The second victim testified as to the events surrounding the death of the deceased. The women were forced, at knifepoint, to perform sexual acts on each other and on appellant. Both women were stabbed by appellant and the deceased died as a result of her stab wounds. Appellant was charged with capital murder in the deceased's death and attempted capital murder in the attack on the second victim.

At trial, appellant objected to the admission of testimony of the second victim as being an extraneous offense.[4] That objection was overruled and appellant received a running objection to the testimony. In *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex.Cr. App.1990) (opinion on rehearing), we held such an objection was sufficient to invoke Tex.R.Crim.Evid. 404(b).

In *Rogers v. State*, 853 S.W.2d 29 (Tex.Cr. App.1993), we discussed "same transaction contextual evidence" and held such evidence was admissible as an exception to Rule 404(b) where such evidence was necessary to the jury's understanding of the charged offense. In so holding, we quoted from our plurality opinion in *Mays v. State*, 816 S.W.2d 79 (Tex.Cr.App.1991):

> Same transaction contextual evidence is deemed admissible as a so-called exception to the propensity rule where "several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony, whether direct or circumstantial, of any one of them cannot be given without showing the others." [citation omitted] The reason for its admissibility "is simply because in narrating the one it is impracticable to avoid describing the other, and not because the other has any evidential purpose." [citation omitted]

Necessity, then, seems to be one of the reasons behind admitting evidence of the accused's acts, words and conduct at the time of the commission of the offense. [citation omitted].

> Your Honor, at this time I would like to register my objection about her being able to testify to extraneous offenses. The defendant in this case involves [the deceased] and does not involve this person. And she is testifying as to what happened to her and that is an extraneous offense and not admissible.

---

**3.** We held in *Enriquez v. State*, 429 S.W.2d 141, 142 (Tex.Cr.App.1968), that it was not error for the trial judge to decline to consolidate two murder charges against the defendant. However, in that case, the murder charges were pending in two different counties, and the trial court did not have jurisdiction to try the second murder case.

**4.** Appellant lodged the following objection:

*Mays,* 816 S.W.2d at 86 n. 4; *Rogers,* 853 S.W.2d at 33.

As noted above, the women were simultaneously sexually assaulted and stabbed in each other's presence. The facts and circumstances of the charged offense would make little or no sense without also admitting the same transaction contextual evidence as it related to the second victim. It would have been impracticable to avoid describing the charged offense without also describing the attempted capital murder of the second victim. Therefore, appellant's complaint under Rule 404(b) is overruled.

■ On appeal, appellant contends the probative value of the testimony was outweighed by its prejudicial effect. In *Montgomery,* we held that after the Rule 404(b) objection was overruled, the defendant was required to make a further objection under Tex.R.Crim.Evid. 403. *Montgomery,* 810 S.W.2d at 388. However, in the instant case, no Rule 403 objection was made. Therefore, appellant's complaint is not preserved for appellate review.

For these reasons, appellant's second point of error is overruled.

[The remainder of this opinion is *not* designated for publication.]

The judgment of the trial court is affirmed.