NO. 07-02-0123-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 18, 2003

_____


LEWIS WELDON AMMONS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 106TH DISTRICT COURT OF GARZA COUNTY;

NO. 00-2044; HONORABLE GENE L. DULANEY, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Lewis Weldon Ammons appeals from his sentence of 17 years incarceration for the crime of indecency with a child. We affirm.

BACKGROUND

Appellant Lewis Weldon Ammons pled guilty to indecency with D.T., a child, and elected to have a jury assess punishment. The jury assessed punishment at 17 years incarceration. By four issues appellant urges that the trial court committed reversible error during the punishment phase of trial. We will address the issues in the order presented by appellant.

ISSUE 1: ADMISSION OF PHOTOGRAPH WITHOUT
PROPER PREDICATE

During cross-examination of defense witness psychologist Ray Brown, the State referred to a photograph and raised the subject of persons who engage in cross-dressing. Appellant objected to such questioning on the basis of relevancy. The objection was overruled. Appellant then objected to the "predicate" of the picture, which he refers to as "the Rocky Horror Picture Show" photograph. The trial court responded that the picture had not been offered into evidence. The State then offered the picture into evidence. Appellant then noted that he "still objected, to the predicate." The trial court overruled the objection.

To preserve error for review, a litigant must timely object and state the grounds for the ruling sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context of the

objection. TEX. R. APP. P. 33.1(a)(1)(A).[1] Objecting to a photograph on the basis that no predicate has been laid is a general objection which lacks the specificity necessary to advise the trial court of the basis for the objection. Such an objection fails to preserve error for review. See Smith v. State, 683 S.W.2d 393, 403-04 (Tex.Crim.App. 1984). Appellant failed to preserve error for review and we overrule his first issue. See TRAP 33.1(a)(1).

ISSUE 2: ADMISSION OF IRRELEVANT AND
PREJUDICIAL EVIDENCE

Appellant's second issue complains of three instances in which the trial court allegedly erred in admitting evidence which was "irrelevant and unfairly prejudicial" to him. The second issue is formulated on Reese v. State, 33 S.W.3d 238 (Tex.Crim.App. 2000) and its explication of a correct analysis of whether evidence is unfairly prejudicial under TEX. R. EVID. 403.[2]

First, appellant complains that the Rocky Horror Picture Show photograph was not relevant to any issue before the jury and it served no purpose other than to inflame the jury.

---

[1]Further reference to a Rule of Appellate Procedure will be by reference to "TRAP ____."

[2]Further reference to a Rule of Evidence will be by reference to "TRE ___."

We considered the admissibility of the photograph in issue one, and overruled appellant's challenge to the trial court's having admitted the evidence. We consider under this issue the question of whether admission of the photograph was erroneous under auspices of TRE 403 which, in relevant part, reads "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." In doing so, we note that a separate objection in the trial court is necessary in order to preserve error for appellate review as to a TRE 403 analysis. See Nelson v. State, 864 S.W.2d 496, 499 (Tex.Crim.App. 1993). Appellant did not make such an objection. Thus, he did not preserve error for review. See TRAP 33.1(a)(1).

Next, appellant alleges that the prosecutor's asking a question of witness Dr. Beth Shapiro about appellant "taking a 22-year-old boy home with him one night" was not based on facts in evidence. Appellant's trial objection was that the question was based on facts not in evidence and was overruled. Shapiro did not answer the question.

Appellant's trial objection did not preserve error for review as to a TRE 403 balancing analysis. See Nelson, 864 S.W.2d at 499. As to appellant's objection that the facts contained in the prosecutor's question were not in evidence, both appellant's confession and the records of Dr. Brown had been admitted into evidence, without objection, at the time the question was asked. Appellant's confession recited that he was a homosexual. Dr. Brown's records set out appellant's stated history of having previously had three long-term homosexual relationships. Dr. Brown had earlier testified that appellant stated he was a homosexual.

4

Assuming, *arguendo*, error in the trial court's overruling objection to the State's question, the alleged allusion to appellant's homosexuality did not imply to the jury any more information or evidence than that which had already been introduced. Once evidence is admitted without objection, even if its admission would have been erroneous in the face of proper objection, admission of the same evidence over objection at a different point in trial is not error. See Hudson v. State, 675 S.W.2d 507, 511 (Tex.Crim.App. 1984). And, a criminal judgment will not be reversed for non-constitutional error if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect. See TRAP 44.2(b); Johnson v. State, 967 S.W.2d 410, 417 (Tex.Crim.App. 1998). To determine whether harm occurred, everything in the record must be considered. Id.

In reviewing the entire record, we conclude that the prosecutor's question, even if error, was harmless. See id.

Third, complaint is made about the State's use of questions concerning serial killer Ted Bundy to test the validity of the Static 99 test which was used by appellant's witness Dr. Beth Shapiro, a licensed marriage and family therapist who performed a sex-offender assessment on appellant. Dr. Shapiro used the Static 99 test as a tool to predict whether appellant would be a repeat offender in the future, and to formulate her opinion that he was a good candidate for community supervision. The questions posed by the State came during cross-examination of Dr. Shapiro.

Appellant objected at trial on the basis of relevance.  To the extent he argues on appeal that the probative value of the question was substantially outweighed by the danger of unfair prejudice, appellant's trial objection did not preserve error for review as to a TRE 403 balancing analysis.  See Nelson, 864 S.W.2d at 499.

Moreover, once Dr. Shapiro testified on direct examination as to her opinion that appellant was a good candidate for community supervision, the State was entitled to inquire into the circumstances of her research and investigation, the manner in which she conducted her inquiry, and the materials upon which she relied.  See Wheeler v. State, 67 S.W.3d 879, 883 (Tex.Crim.App. 2002).  The State's inquiry went directly to the validity of conclusions based on the Static 99 test.  A fair reading of the State's cross-examination does not reflect that appellant was being compared to Ted Bundy, or characterized as a serial rapist and murderer, as he claims in this appeal.  Rather, the State was inquiring as to the validity of the Static 99 test to predict a person's chances of future offenses under certain circumstances.  Testing the validity of foundations for an expert's testimony is, axiomatically, one of the functions of cross-examination.

Furthermore, the confines of "relevancy" are not so strict in a cross-examination as in the examination in chief.  See Russell Stover Candies, Inc. v. Elmore, 58 S.W.3d 154, 157 (Tex.App.--Amarillo 2001, pet. denied); Texas Employers' Ins. v. Garza, 308 S.W.2d 521, 527 (Tex.Civ.App.--Amarillo 1957, writ ref'd n.r.e).  And, during the punishment phase of trial for a non-capital felony offense, determining what evidence should be admitted is a function of policy rather than a question of logical relevance.  See Sunbury v. State, 88

6

S.W.3d 229, 233 (Tex.Crim.App. 2002); Rogers v. State, 991 S.W.2d 263, 265 (Tex.Crim.App. 1999). A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. See Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000); Green v. State, 934 S.W.2d 92, 101-02 (Tex.Crim.App. 1996). When the standard of review is abuse of discretion, a reviewing court should not reverse a trial judge's decision whose ruling was within the zone of reasonable disagreement. See id. See also Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997).

The trial court's ruling was, at a minimum, within the zone of reasonable disagreement, and was not an abuse of discretion. We overrule appellant's challenge to the relevancy of the State's cross-examination.

Having overruled the three subparts of appellant's second issue, we overrule issue two.

## ISSUE 3: TESTIMONY OF SCHOOLTEACHER AS TO SOURCE OF VICTIM'S BEHAVIORAL PROBLEMS

By his third issue, appellant urges error in the trial court's allowing the victim's schoolteacher to testify that in her opinion the victim had behavioral problems that originated in an experience the victim had outside of school. Appellant urges that the witness, Ms. Parrish, was not a licensed psychiatrist or otherwise qualified as an expert; the evidence did not show a "rational basis for Ms. Parrish's belief that [the victim's] behavioral problems resulted from this incident"; and that her opinion was not one which

7

was rationally based on her perception and helpful to the jury's clear understanding of a fact issue. He cites TRE 701.

A person may be qualified to testify as an expert if the person has special knowledge derived from the study of technical works, specialized education, practical experience, or a combination of the above. See Clark v. State, 881 S.W.2d 682, 698 (Tex.Crim.App. 1994). The Texas Rules of Evidence permit a witness qualified as an expert by knowledge, skill, experience, training, or education to testify on scientific, technical, or other specialized subjects if the testimony would assist the trier of fact in understanding the evidence or determining a fact issue. See TRE 702; Clark, 881 S.W.2d at 698. The abuse-of-discretion standard of review applies to the trial court's determination of the qualifications and admissibility of expert testimony. See Penry v. State, 903 S.W.2d 715, 762 (Tex.Crim.App. 1995).

A non-expert witness may testify to opinions which are rationally based on perceptions of the witness and which are helpful to a clear understanding of a fact issue by the trier of fact. See TRE 701.

Ms. Parrish testified that she had taught school for 13 years. For ten of those years she taught fourth grade; for three years she taught third grade. She had taught students with various types of behavioral problems. She had attended workshops on teaching hard-to-handle children and had received training from the Special Education Department in

8

regard to emotionally-disabled children. The trial court overruled appellant's objection that "She hasn't been qualified."

Ms. Parrish then testified that she was D.T.'s teacher at the time of trial in November, 2001, and had known him since approximately the first week in September, 2001. He exhibited misbehavior patterns different from those of other students in her classroom at the time, but she had taught children with similar misbehavior patterns in the past. She opined that D.T.'s misbehavior patterns were consistent with one of several possible problems in a child's life, including sexual molestation. She specifically disclaimed attributing D.T.'s conduct to molestation, and also noted that D.T. did not exhibit "anything sexually or anything like that."

In response to appellant's first objection that Parrish was not qualified to express opinions about the source of misbehaviors such as she observed in D.T., the trial court required the State to prove her background and qualifications to offer her opinions. After hearing her experience and qualifications, appellant's objection was overruled. We conclude that there was evidence to support the trial court's determination that Parrish was qualified to offer her opinion, see TRE 702; Clark, 881 S.W.2d at 698; and further, that her opinion was rationally based on her perception and was helpful to the jury's clear understanding of a fact issue. See TRE 701. Accordingly, the trial court's decision was within the zone of reasonable disagreement and was not an abuse of discretion. See Green, 934 S.W.2d at 102. We overrule appellant's third issue.

9

## ISSUE 4: ADMISSION OF AFFIDAVIT OF APPELLANT'S TRIAL
## ATTORNEY AT HEARING ON MOTION FOR NEW TRIAL

Issue four asserts that the trial court erred in failing to grant his motion for new trial. He urges that the error was based on the trial court's admitting an affidavit by his trial attorney, Robert Huddleston, as evidence during the hearing of appellant's motion for new trial. He urges that (1) the affidavit was hearsay, (2) admission of the affidavit violated TRAP 21.7, and (3) its admission violated his right to cross-examine a readily-available witness which is granted by the Sixth Amendment to the United States Constitution and Article I § 10 of the Texas Constitution.

Appellant recognizes the permissive nature of TRAP 21.7 as to the receipt of affidavit evidence. He opines that the trial court "should use discretion" when testimony of live witnesses differs from testimony submitted by affidavit.

Appellant cites Morse v. State, 29 S.W.3d 640 (Tex.App.--Beaumont 2000, no pet.) as authority for his assertion that the trial court should not have admitted the affidavit, but should have required the State to call Huddleston as a live witness if his testimony was to be admitted. He cites no authority for his constitutional arguments other than citation to the U.S. and Texas constitutions themselves.

Trial court rulings admitting or excluding evidence are entrusted to the discretion of the court and are reviewed for abuse of discretion. See Weatherred, 15 S.W.3d at 542;

10

Green, 934 S.W.2d at 101-02. We disagree that the trial court abused its discretion in admitting the affidavit.

The clear language of TRAP 21.7 provides that evidence at a hearing on a motion for new trial may be presented via affidavit. If offered as evidence, affidavits may be received and considered by the court. See McIntire v. State, 698 S.W.2d 652, 658 (Tex.Crim.App. 1985); Lincicome v. State, 3 S.W.3d 644, 646 (Tex.App.--Amarillo 1999, no pet.). To the extent that our conclusion is at odds with Morse, we disagree with Morse.

As for appellant's assertion that his constitutional rights were violated by admission of the affidavit, he cites no authority other than the constitutional provisions themselves to support his position. Asserting violations of constitutional protections without citation to further substantive authority, or explanation for the absence of such further citation, presents nothing for review. See McFarland v. State, 928 S.W.2d 482, 521 (Tex.Crim.App. 1996); Yates v. State, 941 S.W.2d 357, 363 (Tex.App.--Waco 1997, pet. ref'd).

We overrule appellant's fourth issue.

CONCLUSION

Having overruled appellant's four issues, we affirm the judgment of the trial court.

Phil Johnson
Chief Justice

Do not publish.