

# IN THE
# TENTH COURT OF APPEALS

## No. 10-07-00314-CR

**DARRIN AUSTAD,**

Appellant

**v.**

**THE STATE OF TEXAS,**

Appellee

**From the 413th District Court
Johnson County, Texas
Trial Court No. F40324**

## MEMORANDUM  OPINION

Austad appeals his convictions for two counts of aggravated sexual assault of a child and four counts of indecency with a child by sexual contact against J. D. from the time J. D. was nine years of age until she was twelve. *See* Act of May 28, 1999, 76th Leg., R.S., ch. 417, § 1, 1999 Tex. Gen. Laws 2752, 2752-53 (amended 2001-2003) (current version at TEX. PENAL CODE ANN. § 22.021(a) (Vernon Supp. 2008)); Penal Code, 63d Leg., R.S., ch. 399, § 1, sec. 21.11(a), 1973 Tex. Gen. Laws 883, 918 (amended 2001) (current version at TEX. PENAL CODE ANN. § 21.11(a) (Vernon 2003)).  We affirm.

Austad's three issues concern the admissibility of evidence.[1]  "[A] trial court's ruling admitting or excluding evidence is reviewed on appeal for abuse of discretion." *Ramos v. State,* 245 S.W.3d 410, 417-18 (Tex. Crim. App. 2008) (citing *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006)) (alteration added); *accord Montgomery v. State,* 810 S.W.2d 372, 378-380 (Tex. Crim. App. 1990) (op. on orig. submission), 390-92 (1991) (op. on reh'g).  "Under an abuse of discretion standard, an appellate court should not disturb the trial court's decision if the ruling was within the zone of reasonable disagreement." *Bigon v. State,* 252 S.W.3d 360, 367 (Tex. Crim. App. 2008); *accord Powell v. State,* 63 S.W.3d 435, 438 (Tex. Crim. App. 2001); *Montgomery* at 391 (op. on reh'g).

***Outcry.***  Austad's first two issues concern outcry-witness testimony.

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  TEX. R. EVID. 801(d).  The Texas Rules of Evidence provide, "Hearsay is not admissible except as provided by statute or these rules or by other rules prescribed pursuant to statutory authority."  *Id.*  802.

Texas Code of Criminal Procedure "Article 38.072 creates just such an exception to the hearsay rule of exclusion," for "the outcry statement of a child victim of sexual or physical abuse."  *Dorado v. State,* 843 S.W.2d 37, 38 (Tex. Crim. App. 1992); *Martinez v. State,* 178 S.W.3d 806, 816 (Tex. Crim. App. 2005).  Article 38.072, Section 2, provides:

---

[1] We assume without deciding that Austad adequately briefs his issues.  *See* TEX. R. APP. P. 33.1(a), 38.1(h); *Jones v. State,* 119 S.W.3d 766, 784 (Tex. Crim. App. 2003); *Tong v. State,* 25 S.W.3d 707, 710 (Tex. Crim. App. 2000) (op. on orig. submission); *McClenton v. State,* 167 S.W.3d 86, 97 (Tex. App.—Waco 2005, no pet.).

(a)  This article applies only to statements that describe the alleged offense that:

(1)  were made by the child against whom the offense was allegedly committed; and

(2)  were made to the first person, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense.

(b)  A statement that meets the requirements of Subsection (a) of this article is not inadmissible because of the hearsay rule  if:

(1)  on or before the 14th day before the date the proceeding begins, the party intending to offer the statement:

(A)  notifies the adverse party of its intention to do so;

(B)  provides the adverse party with the name of the witness through whom it intends to offer the statement; and

(C)  provides the adverse party with a written summary of the statement;

(2)  the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement; and

(3)  the child testifies or is available to testify at the proceeding in court or in any other manner provided by law.

TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2 (Vernon 2005).  "Statement about the offense" in Article 38.072 means "a statement that in some discernible manner describes the alleged offense."  *Garcia v. State,* 792 S.W.2d 88, 91 (Tex. Crim. App. 1990); *see Martinez v. State,* 178 S.W.3d 806, 810-811 & nn.13-15 (Tex. Crim. App. 2005); *Newton v. State,* No. 10-06-00160-CR, 2007 Tex. App. LEXIS 4634, at *4 (Tex. App.—Waco June 13, 2007, pet. filed); *Villanueva v. State,* 209 S.W.3d 239, 247 (Tex. App.—Waco 2006, no pet.).

"A trial court's determination that an outcry statement is admissible under article 38.072 is reviewed for an abuse of discretion."  *Olivas v. State,* No. 10-07-00017-CR, 2008 Tex. App. LEXIS 18, at *2 (Tex. App.—Waco Jan. 2, 2008, no pet.) (not designated for

publication) (mem. op.) (quoting *Nino v. State,* 223 S.W.3d 749, 752 (Tex. App.—Houston [14th Dist.] 2007, no pet.)); *see Garcia,* 792 S.W.2d at 91.

*Proper Witness.* In Austad's first issue, he contends that the trial court erred in admitting the testimony of J. D.'s aunt, C. H.-P., as outcry witness.

"'[A] trial court has broad discretion in determining' the proper outcry witness." *Olivas,* 2008 Tex. App. LEXIS 18, at *2-3 (quoting *Villanueva,* 209 S.W.3d at 347); *see Garcia,* 792 S.W.2d at 92; *Hanson v. State,* 180 S.W.3d 726, 729 (Tex. App.—Waco 2005, no pet.).

Austad argues that the correct outcry witness was not C. H.-P., but the victim's mother, T. D. At a pretrial hearing, J. D. testified that the first person eighteen years of age or older to whom she made a statement about the offense was T. D. J. D. testified that T. D. "was the first person that [she] told anything about something sexual happening to [her] from" Austad, though J. D. did not "give her all the details, specific details about what [Austad] had done to [her]." (15 R.R. at 21, 22.) But T. D. categorically denied that J. D. had "t[old] her that [Austad] had been touching her." (*Id.* at 37.) J. D. testified that the next person eighteen years of age or older to whom she made a statement about the offense was C. H.-P. J. D. testified that though she "did not give [C. H.-P.] all of the details about all of the events that happened," she gave C. H.-P. "some details about some of the events that happened to her," "some details about specific events." (*Id.* at 24.) C. H.-P. testified that J. D. "ma[d]e statements to [her] regarding Darrin Austad doing sexual things of a sexual nature with her," namely "that

he touched her up there and then touched her down below," that "his fingers went inside of her when he touched her down there." (*Id*. at 42.)

The trial court did not abuse its discretion in holding that C. H.-P. was the first person eighteen years of age or older to whom J. D. made statements that in a discernible manner described Austad's offenses.

*Notice.* In Austad's second issue, he argues that he did not receive timely notice of the State's intent to offer C. H.-P.'s testimony.

"[F]or purposes of the outcry statute, the proceeding" begins, at the latest, "when the jury [i]s empaneled and jeopardy attache[s]." *Zarco v. State*, 210 S.W.3d 816, 832 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *see* TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(b)(1) (Vernon 2005).

Austad concedes that he received notice on Monday, June 25, 2007. Trial began and the jury was empaneled on Monday, July 9, 2007. Austad received notice on the fourteenth day before the date the trial began.

The trial court did not abuse its discretion in finding the notice timely.

CONCLUSION. The trial court did not abuse its discretion in admitting the testimony of C. H.-P. as outcry witness. We overrule Austad's first and second issues.

***Extraneous Offense.*** Austad's third issue concerns extraneous-offense evidence.[2] Austad contends that the trial court erred in overruling Austad's objection to the

---

[2] We find no extraneous-offense objection in the record. We assume without deciding that Austad's complaint's "specific grounds were apparent from the context." *See* TEX. R. APP. P. 33.1(a).

testimony of Austad's niece A. J. to the effect that Austad had committed indecency with a child by sexual contact against A. J.

Austad argues under Texas Rule of Evidence 404(b). *See* TEX. R. EVID. 404(b). Under that rule, "Evidence of other crimes, wrongs or acts," other than the charged offense, "is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." *Id.* Among those other purposes is "rebutting a defensive theory." *Johnston v. State*, 145 S.W.3d 215, 220-21 (Tex. Crim. App. 2004); *see Casey v. State*, 215 S.W.3d 870, 880 (Tex. Crim. App. 2007); *Rankin v. State*, 974 S.W.2d 707, 709 (Tex. Crim. App. 1996); *Montgomery*, 810 S.W.2d at 388 (op. on reh'g).

A defendant's "[d]irect-examination testimony containing a broad disclaimer of misconduct sometimes can open the door for extrinsic evidence to contradict even though the contradictory evidence is otherwise inadmissible under Rule[] 404 . . . ." *Daggett v. State*, 187 S.W.3d 444, 453 n.24 (Tex. Crim. App. 2005) (quoting *United States v. Antonakeas*, 255 F.3d 714, 724-25 (9th Cir. 2001)) (alterations added); *see Harrison v. State*, 241 S.W.3d 23, 26-28 (Tex. Crim. App. 2007); *Ex parte Carter*, 621 S.W.2d 786, 788 (Tex. Crim. App. 1981); *McIlveen v. State*, 559 S.W.2d 815, 822 (Tex. Crim. App. 1977); *Ransom v. State*, 503 S.W.2d 810, 822 (Tex. Crim. App. 1974); *Randolph v. State*, 499 S.W.2d 313, 313-14 (Tex. Crim. App. 1973); *Turner v. State*, 4 S.W.3d 74, 79 (Tex. App.—Waco 1999, no pet.); *Jones v. State*, 119 S.W.3d 412, 420-41 (Tex. App.—Fort Worth 2003, no pet.). "Where . . . the defendant's statement of good conduct is directly relevant to the offense

charged—i.e., 'I would never have sexual relations with a minor'" in a prosecution for such "—the opponent may . . . offer extrinsic evidence rebutting the statement." *Daggett* at 453 n.25. "The State could introduce evidence of appellant's sexual conduct with" a minor "to rebut th[e]" appellant's "sweeping statements disavowing any sexual misconduct with minors." *Id.* at 453 ("I would not do something like that"; "I have never done anything of that sort with a sixteen year old girl, period"). "[G]enerally such evidence is admissible . . . during the State's rebuttal . . . ." *Id.* at 453-54.

"A defendant opens the door by asking a question which creates a false impression that the admission of extraneous offense evidence would correct." *Houston v. State,* 208 S.W.3d 585, 591 (Tex. App.—Austin 2006, no pet.) (citing *Monkhouse v. State,* 861 S.W.2d 473, 476 (Tex. App.—Texarkana 1993, no pet.)); *see Turner,* 4 S.W.3d at 79. "In determining whether a false impression was created, . . . we must examine the testimony in context, rather than in a vacuum." *Moore v. State,* 82 S.W.3d 399, 407 (Tex. App.—Austin 2000, pet. ref'd) (citing *Prescott v. State,* 744 S.W.2d 128, 131 (Tex. Crim. App. 1988)). "Testimony admitted into evidence about a specific 'bad act' must be related to the issue on which the door has been opened." *Turner* at 79.

"A trial court's Rule 404(b) ruling is reviewed under an abuse of discretion standard." *Page v. State,* 137 S.W.3d 75, 78 (Tex. Crim. App. 2004); *accord Lane v. State,* 933 S.W.2d 504, 519 (Tex. Crim. App. 1996); *see Casey,* 215 S.W.3d at 880-81; *Page v. State,* 213 S.W.3d 332, 338 (Tex. Crim. App. 2006); *Montgomery,* 810 S.W.2d at 387, 390 (op. on reh'g).

J. D. testified that when she was seven or eight years of age, when she was sleeping with her mother and Austad, she awakened with Austad touching her breast, then moving her underwear and putting his finger inside her vagina. J. D. testified Austad did the same again about once a week for three or four years, and thereafter until J. D. was thirteen years of age.

On direct examination, Austad testified, to the contrary:

> Q. Do you find yourself sexually attracted to little girls in general?
> A. No, sir.

(15 R.R. at 204.)

In the State's rebuttal case, A. J. testified that when she was five or six years of age, she spent the night at Austad's residence and was awakened with her underwear around her ankles and with Austad "touching [her] in [her] private area below the belt." (16 R.R. at 264.) A. J. also testified that when she was nine or ten years of age, Austad attempted to kiss her and attempted to put his hand down J. D.'s pants.

The trial court would not have abused its discretion in finding that Austad's direct-examination testimony, containing a broad disclaimer of sexual misconduct with minor girls, and being directly relevant to the charged offenses, created a false impression and opened the door to A. J.'s rebuttal testimony to correct that impression.

CONCLUSION. The trial court did not err in overruling Austad's objection under Rule of Evidence 404(b).[3] We overrule Austad's third issue.

---

[3] Austad also argues under Rule of Evidence 403 that the evidence of which he complains "was extremely prejudicial." (*See* Br. at 32); TEX. R. EVID. 403. Though having preserved his objection under Rule 404, Austad forfeits his complaint under Rule 403 by not raising objection in the trial court. *See* TEX.

CONCLUSION.  Having overruled Austad's issues, we affirm.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Vance, and
    Justice Reyna
Affirmed
Opinion delivered and filed October 15, 2008
Do not publish
[CRPM]

---

R. APP. P. 33.1(a); *Berry v. State,* 233 S.W.3d 847, 858 (Tex. Crim. App. 2007); *Nelson v. State,* 864 S.W.2d 496, 499 (Tex. Crim. App. 1993).  We do not consider Austad's argument under Rule 403.