Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-11-00329-CR

Benjamin Franklin **PIEPER**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B10-462
The Honorable M. Rex Emerson, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
            Phylis J. Speedlin, Justice
            Rebecca Simmons, Justice

Delivered and Filed:  June 6, 2012

AFFIRMED

In one issue on appeal, Benjamin Franklin Pieper, Jr. argues that the trial court erred in denying his Special Plea and Motion to Quash Indictment based on prosecutorial vindictiveness. We affirm.

### BACKGROUND

In essence, Pieper argues that the charge in the instant case, delivery of a controlled substance (methamphetamine, less than one gram) in a drug free zone was brought because of

prosecutorial vindictiveness. Pieper believes the prosecution brought this case because he asserted his rights in four other cases. With respect to those four other cases, on March 26, 2010, Pieper pled guilty pursuant to plea-bargain agreements.

(1) In Cause No. B08-05, he pled guilty to having possessed methamphetamine (0-200g) on August 22, 2007, and was sentenced to ten years imprisonment in accordance with the plea-bargain agreement.

(2) In Cause No. B10-125, he pled guilty to having committed the crime of Felony Assault Family Violence on November 20, 2009, and was sentenced to ten years imprisonment pursuant to the plea-bargain agreement.

(3) In Cause No. B10-202, he pled guilty to having delivered methamphetamine (less than one gram) on January 17, 2010, and was sentenced to two years confinement in accordance with his plea-bargain agreement.

(4) In Cause No. B10-201, he pled guilty to having delivered methamphetamine (less than one gram) on January 15, 2010, and was sentenced to two years confinement in accordance with the plea-bargain agreement.

With respect to these four cases, on April 9, 2010, Pieper filed motions for new trial. The trial court granted Pieper's motions in all four cases. Then, on July 1, 2010, he was indicted in the instant case for having delivered methamphetamine in a drug-free zone on January 21, 2010. Following the indictment in the instant case, Pieper requested that his motions for new trial be withdrawn in the other four cases. The trial court granted his request. On October 1, 2010, Pieper filed his Special Plea and Motion to Quash Indictment, arguing that the indictment in the instant case should be quashed because it arose in the course of the same criminal episode[1] as two of the other offenses and thus should have been prosecuted along with them. Although a defendant does not have a right to consolidate offenses committed in the same criminal episode, *see Nelson v. State*, 864 S.W.2d 496, 498 (Tex. Crim. App. 1993), Pieper nonetheless argued that the charge

---

[1] The State and Pieper disagree about whether the offense in the instant case, alleged to have occurred on January 21, 2010, and the other two offenses, alleged to have occurred on January 15, 2010, and January 17, 2010, respectively, arose from the same criminal episode. For purposes of this opinion, we need not decide whether the offenses arose from the same criminal episode.

in the instant case was brought only because of prosecutorial vindictiveness. The State responded that the charge had not been brought at the time of the other charges, because the police had not presented the case to the State until June 5, 2010. The trial court denied Pieper's motion. Pieper then pled no contest to the charge. He appeals.

## DISCUSSION

Both Texas and federal courts recognize that prosecutors have broad discretion in deciding which cases to prosecute. *Neal v. State*, 150 S.W.3d 169, 173 (Tex. Crim. App. 2004). That is, if the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether to prosecute and what charge to file generally rests entirely within his discretion. *Id.* "Courts must presume that a criminal prosecution is undertaken in good faith and in nondiscriminatory fashion to fulfill the State's duty to bring violators to justice." *Id.* "Nevertheless, a decision to prosecute violates due process when criminal charges are brought in retaliation for the defendant's exercise of his legal rights." *Id.* "Thus, the Supreme Court has held that, *under specific, limited circumstances*, the presumption that a prosecution is undertaken in good faith gives way to either a rebuttable presumption of prosecutorial vindictiveness or proof of actual vindictiveness." *Id.* (citing *United States v. Goodwin*, 457 U.S. 368, 373 (1982)) (emphasis added). A constitutional claim of prosecutorial vindictiveness may be established in either of two ways: (1) proof of circumstances that pose a "realistic likelihood" of such misconduct sufficient to raise a "presumption of prosecutorial vindictiveness," which the State must rebut or face dismissal of the charges; or (2) proof of "actual vindictiveness" – that is, direct evidence that the prosecutor's charging decision is an unjustifiable penalty resulting solely from the defendant's exercise of a protected legal right. *Id.* Here, Pieper argues that the first prong applies because the State's filing of the charges in the instant case is a circumstance that

posed a realistic likelihood of misconduct sufficient to raise a presumption of prosecutorial vindictiveness.

"Under the first prong, if the State pursues increased charges or an enhanced sentence after a defendant is convicted, exercises his legal right to appeal, and obtains a new trial, the Supreme Court has found a presumption of prosecutorial vindictiveness." *Id.* (citing *Blackledge v. Perry*, 417 U.S. 21 (1974), and *Goodwin*, 457 U.S. at 381). "*In the very few situations in which this presumption does apply*, it can be overcome by objective evidence in the record justifying the prosecutor's action." *Id.* at 173-74 (emphasis added). "The defendant must prove that he was convicted, he appealed and obtained a new trial, and that the State thereafter filed a greater charge or additional enhancements." *Id.* at 174. The burden then shifts to the prosecution to come forward with an explanation for the increased charges or additional enhancements that is unrelated to the defendant's exercise of his legal right to appeal. *Id.* "The trial court decides the issue based upon all of the evidence, pro and con, and the credibility of the prosecutor's explanation." *Id.*

Pieper argues that the facts of this case present one of the "specific, limited circumstances" to which the presumption of prosecutorial vindictiveness applies. According to Pieper, the presumption applies because he proved that "after his motions for new trial were granted, the State sought additional charges against" him. We disagree that Pieper met his initial burden of showing that the presumption should apply.

The Supreme Court has held that the presumption of prosecutorial vindictiveness does not apply during pretrial plea negotiations between the State and the accused. *See Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978). According to the Court, while it is unconstitutional "[t]o punish a person because he has done what the law plainly allows him to do," "in the 'give-and-

take' of plea bargaining, *there is no such element of punishment or retaliation* so long as the accused is free to accept or reject the prosecution's offer." *Id.* (emphasis added). The Court recognized that "[p]lea bargaining flows from 'the mutuality of advantage' to both defendants and prosecutors, each with his own reasons for wanting to avoid trial." *Id.* The Court conceded that confronting an accused with the risk of more severe punishment may have a "discouraging effect" on his assertion of trial rights, but nevertheless explained that presenting such "difficult choices" to the accused is both inevitable and permissible in a system that encourages negotiation of pleas. *Id.* at 364. "It follows that, by tolerating and encouraging the negotiation of pleas," the Court "has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty." *Id.* In analyzing this language by the Supreme Court, the Texas Court of Criminal Appeals has noted that "[u]nstated, then, is the concomitant that it is constitutionally permissible for the prosecutor to exercise his discretion by 'punishing' a defendant who insists on asserting his right to trial in spite of concessions offered." *Castleberry v. State*, 704 S.W.2d 21, 25 (Tex. Crim. App. 1984). The court of criminal appeals explained that "indeed it is the threat of this very sanction which supplies the strength of the prosecutor's bargaining position during negotiations." *Id.*

The court of criminal appeals noted that the same rationale applies to the post-trial withdrawal from a negotiated plea by a defendant if the particular reason the defendant requested a new trial was his dissatisfaction with the sentence he had accepted under the plea agreement. *Id.; see also Chapman v. Estelle*, 593 F.2d 687, 690 (5th Cir. 1979) (holding that the presumption of prosecutorial vindictiveness did not apply when the petitioner's motion for new trial, which was granted, was based on his dissatisfaction with the sentence he had previously

accepted pursuant to a plea-bargain agreement). Here, Pieper has made no showing on what basis his motions for new trial were granted. In his brief, he merely states that he filed motions for new trial and that the trial court granted them. In support of this factual statement, he cites to page eight of the clerk's record. Page eight of the clerk's record contains Pieper's Special Plea and Motion to Quash Indictment. That document states the following with respect to his motions for new trial: "After he pled and was sent to prison, on April 9, 2010, he filed and was granted a motion for new trial on all four of these cases."[2] Because the presumption of vindictiveness would not apply if Pieper's motion for new trial was based on his dissatisfaction with his plea-bargain agreement, by not showing on what basis he was granted a new trial, Pieper has not met his initial burden of proving that the presumption should apply.[3]

## CONCLUSION

Because the trial court did not err in denying Pieper's Special Plea and Motion to Quash, we affirm the judgment of the trial court.

Karen Angelini, Justice

Do not publish

---

[2] Although the record is not clear as to what basis Pieper filed his motions for new trial, at the October 8, 2010, hearing on Pieper's Special Plea and Motion to Quash Indictment, there are references to Pieper's dissatisfaction with his sentence because he believed his plea-bargain agreements in the four cases would prohibit the filing of any future charges against him.

[3] Pieper has not argued that the second prong of the test, which requires a defendant to prove actual prosecutorial vindictiveness, applies.