

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00119-CR

JOSE GARCIA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2012-434,958, Honorable John J. "Trey" McClendon, Presiding

November 7, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Jose Garcia waived a jury trial and entered an open plea of guilty to one count of aggravated sexual assault of a child.[1]  After a punishment hearing, the trial court assessed punishment at a term of forty years of imprisonment.  Appellant presents two appellate issues, one challenging his punishment as cruel and unusual, the second challenging the admission of rebuttal evidence.  We will affirm.

---

[1] TEX. PENAL CODE ANN. § 22.021(a)(2)(B) (West 2013).

Background

In May 2012, appellant was charged by an indictment alleging one count of aggravated sexual assault of a child under the age of 14 and two counts of indecency with a child. The offenses were alleged to have occurred on or about January 1, 2002, against a child whose mother was married to appellant at that time.

In June 2013, appellant entered an open plea of guilty to the aggravated sexual assault count. The two remaining counts were dismissed. Concerning punishment, the State presented the testimony of police officers, the complainant's mother, the complainant, and the nurse who examined the complainant.

Testimony showed appellant and the child's mother divorced in 2007. In 2011, the complainant, then fourteen, told one of her friends and eventually her mother of appellant's sexual assaults on her when she was about five or six years old. Her mother called police. Appellant initially denied the allegations but later admitted to police one instance in which the complainant complied when he asked her to "touch and kiss his penis." In her testimony, the complainant described four specific instances of sexual assault but said appellant assaulted her on other occasions.

Appellant did not testify but presented the testimony of four witnesses who emphasized his good character and good work habits. The court also reviewed a pre-sentence investigation report.

In rebuttal, the State called Dr. Beth Shapiro, a licensed marriage and family therapist, to rebut appellant's evidence he was a good candidate for deferred

adjudication. Shapiro's sex-offender assessment of appellant was included in the pre-sentence investigation report. Shapiro testified she found appellant to be "relatively emotionally stable, except for some situational anxiety or stress regarding the current situation." She opined, "[h]e is definitely in need of sex offender treatment and probably could profit from doing so."

At the time of appellant's offense, the range of punishment was five to ninety-nine years of imprisonment, and deferred adjudication community supervision was permitted. The court assessed punishment at forty years of imprisonment. Appellant's motion for new trial was overruled by operation of law. This appeal followed.

Analysis

Cruel and Unusual Punishment

In his first issue, appellant contends the trial court's sentence of forty years of imprisonment constitutes cruel and unusual punishment. He points to the mitigating evidence presented at trial, including the assessment of a low re-offending risk, the years that elapsed between the offense and trial, appellant's record showing no prior felony convictions and the range permitting deferred adjudication.

The State notes as an initial matter appellant failed to preserve this issue for our review. We agree. To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *See* TEX. R. APP. P. 33.1(a); *Rhoades v. State,* 934

3

S.W.2d 113, 120 (Tex. Crim. App. 1996) (en banc). Here, appellant failed to object on any grounds to the sentence in the trial court. *See Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (en banc) (holding defendant failed to preserve cruel and unusual punishment claim when he urged no objection in trial court); *Ham v. State*, 355 S.W.3d 819, 825 (Tex. App.—Amarillo 2011, pet. ref'd) (same). *See also Speckman v. State,* Nos. 07-13-00232-CR, 07-13-00233-CR, 2014 Tex. App. LEXIS 5615 (Tex. App—Amarillo May 23, 2014, no pet.) (mem. op., not designated for publication) (similar finding).

Moreover, even had it been preserved, we could not find the contention meritorious. Aggravated sexual assault of a child under the age of 14 was in 2002, and presently is, a felony offense of the first degree. *See* TEX. PENAL CODE ANN. § 22.021(e) (West 2013). The offense is punishable by imprisonment for life or for any term of not more than ninety-nine years or less than five years and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.32 (West 2011). We recognize also that in 2002, the law permitted the trial court, in its discretion, to defer a finding of guilt of this offense and place the defendant on deferred adjudication community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (West 2001), Acts 77th Leg. Sess., chs. 211, 786, 969, 992, 1159, 1351, 1420. *See* current version at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (West 2013). But the sentence imposed here was well within the applicable range of punishment for a first-degree felony offense, and Texas courts have traditionally held that, so long as the punishment imposed lies within the range prescribed by the Legislature in a valid statute, that punishment is not excessive, cruel, or unusual. *See, e.g., Darden v. State,* 430 S.W.2d 494, 496 (Tex. Crim. App. 1968);

4

*see also Jackson v. State,* 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *Rodriguez v. State,* 917 S.W.2d 90, 92 (Tex. App.— Amarillo 1996, pet. ref'd).

Nonetheless, a prohibition against grossly disproportionate punishment survives under the Eighth Amendment to the United States Constitution, separate and apart from any consideration of whether the punishment imposed lies within the legislatively prescribed range of punishment. *See* U.S. CONST. AMEND. VIII; *Solem v. Helm*, 463 U.S. 277, 290, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983); *Harmelin v. Michigan*, 501 U.S. 957, 985, 989-90, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) (plurality op.); *Lackey v. State*, 881 S.W.2d 418, 420-21 (Tex. App.—Dallas 1994, pet. ref'd). Assessing such a claim, we make an initial, threshold comparison of the gravity of the offense with the severity of the sentence. *See Harmelin,* 501 U.S. at 1004-05 (Kennedy, J., concurring); *McGruder v. Puckett,* 954 F.2d 313, 316 (5th Cir. 1992). Then, and only if our initial comparison creates an inference that the sentence was grossly disproportionate to the offense, do we consider the other two *Solem* factors: (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions. *See McGruder,* 954 F.2d at 316; *Lackey*, 881 S.W.2d at 420-21. *See also Jones v. State*, No. 07-13-00430-CR, 2014 Tex. App. LEXIS 5694 (Tex. App.—Amarillo May 28, 2014, no pet.) (mem. op., not designated for publication) (noting same).

Appellant points to nothing in the record here, and we find nothing, that would raise the inference that the forty-year sentence imposed was a grossly disproportionate punishment for the first-degree felony offense of aggravated sexual assault of a child. Finding no inference of gross disproportionality, we do not reach the considerations

regarding sentences for similar crimes in the same jurisdiction and in other jurisdictions. *See McGruder,* 954 F.2d at 316.

We overrule appellant's first issue.

Rebuttal Testimony

In appellant's second issue, he contends the trial court erred in allowing the State to present the rebuttal testimony of Dr. Shapiro because her testimony violated Rule of Evidence 403, in that it was substantially more prejudicial than probative. In support of his argument, appellant notes he objected at trial to Shapiro's testimony because the State indicated even before appellant's case-in-chief on punishment was presented that it intended to call the therapist as a rebuttal witness. He also objected that her testimony was outside the scope of his case-in-chief. Counsel asserted, "Your Honor, none of that information was gone into in my case in chief. The purpose of rebuttal is to rebut what evidence that I bring in, therefore, this is improper."

The State argues appellant's contention on appeal that Shapiro's testimony was inadmissible under rule 403[2] was not preserved for our review. We must agree.

The error alleged on appeal must comport with the objection submitted to the trial court. *See* TEX. R. APP. P. 33.1; *Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) ("the legal basis of a complaint raised on appeal cannot vary from that raised at trial"). To preserve error for appellate review on a contention that evidence

---

[2] Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403.

was inadmissible under rule 403, a separate objection in the trial court is necessary. *Nelson v. State,* 864 S.W.2d 496, 499 (Tex. Crim. App. 1993).

After reviewing the record, we agree with the State that while appellant objected to Shapiro's testimony on two grounds, and made additional objections during her testimony, none of them were on the basis that her testimony was substantially more prejudicial than probative. Because appellant's complaint on appeal does not comport with any of the objections made at trial, it presents nothing for our review. His second issue is overruled.

## Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.