

# IN THE
# TENTH COURT OF APPEALS

## No. 10-23-00212-CR

ZAMAR D. KIRVEN,

                                           **Appellant**

 v.

THE STATE OF TEXAS,

                                           **Appellee**

---

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2021-910-C2**

---

## MEMORANDUM OPINION

---

Zamar D. Kirven appeals from his conviction for capital murder. After finding him guilty, a jury sentenced him to life in the Texas Department of Criminal Justice—Institutional Division, without the possibility of parole. He raises three issues on appeal, asserting that the trial court erred by: (1) allowing the State to question a defense witness about extraneous offenses; (2) admitting two photographs; and (3) acting as an advocate for the State. We affirm.

**Background**

On the night of April 17, 2021, Jacob Ybarra and Sabion Kubitza were shot and killed in a bedroom of a home where they, Kirven, and others resided. While no one saw Kirven shoot the victims, witnesses saw Kirven holding his gun earlier that evening. Additionally, Ybarra's parents, who also live in that home, saw Kirven at the residence with a gun after the shooting. The bullets recovered from the victims came from Kirven's gun. Additional circumstantial evidence also pointed to Kirven's guilt. In his defense, Kirven presented testimony of his cousin, Kevin Kirven, who testified that it was he who shot Jacob and Sabion, not Zamar Kirven. The jury found Zamar Kirven guilty of capital murder as alleged in the indictment. The trial court sentenced him to imprisonment for life without the possibility of parole in accordance with the jury verdict.

**Extraneous Offense Evidence**

In his first issue, Kirven asserts the trial court erred in allowing the State to question defense witness Kevin Kirven about extraneous offenses. He contends the evidence is not relevant, and the prejudicial effect of this testimony substantially outweighed the probative value of Kevin's alleged false allegations.

STANDARD OF REVIEW AND APPLICABLE LAW

We review the trial court's decision to admit contested testimony under an abuse of discretion standard. *Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007). We will uphold the trial court's decision if it is within the zone of reasonable disagreement.

*Id*.  The trial court's evidentiary ruling must be upheld if it is reasonably supported by the record and is correct under any applicable theory of law.  *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016).

Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  TEX. R. EVID. 401.  Relevant evidence may be excluded if it is unfairly prejudicial.  *See* TEX. R. EVID. 403.

Discussion

The defense offered the testimony of Kirven's cousin, Kevin Kirven, who testified that he is currently in jail and there were charges pending against him in three different counties.  Kevin told the jury that he shot the two men Kirven is accused of murdering.  On cross-examination, Kevin admitted he has been charged with eight counts of assault with a deadly weapon on a public servant and two counts of murder.  He stated that the penalties he is facing do not matter; he has been locked up his whole life.  Kevin explained that Kirven told him about a problem with someone at the house where Kirven stayed and that Kirven was going to "handle" it.  Kevin told him "no" and testified that he would do whatever he could for his cousin.  He explained that Kirven "was going to the NFL" if he could "get his life right."  Kevin also admitted to having previously confessed to killing two other individuals and said he was responsible for the death of a third man, Quinton Murray.

The State presented several rebuttal witnesses. A Fort Worth police department detective testified that two of Kevin's cousins were charged with the murder of Murray. He explained that there were discrepancies between his investigation and Kevin's statements. Kevin also told him he killed someone when he was between nine and fourteen years old and that he killed someone in a road rage incident in Round Rock, Texas. He was unable to verify those statements. In the detective's opinion, Kevin does not have the ability to tell the truth.

Similarly, a prosecutor in the Tarrant County District Attorney's office testified that she determined Kevin's confession was not truthful. No evidence links Kevin to Murray's homicide.

Sergeant Sam Key, with the Waco Police Department, interviewed Kevin after he was involved in a shootout with law enforcement officers. Kevin told him he was responsible for a double murder in Mart.

At trial, Kirven objected to the State's line of questioning of Kevin on the basis of relevance. If the opponent of the evidence also lodges an objection based on Rule of Evidence 403, the trial court must weigh the probative value of the evidence against the potential for unfair prejudice. TEX. R. EVID. 403; *Andrade v. State*, 246 S.W.3d 217, 227 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). If, as here, no such objection is made, we do not review the evidence for unfair prejudice. *See* TEX. R. APP. P. 33.1(a); *Nelson v. State*,

864 S.W.2d 496, 499 (Tex. Crim. App. 1993). Kirven has not preserved his complaint that the complained-of evidence is more prejudicial than probative.

The rule of optional completeness permits the introduction of otherwise inadmissible evidence when that evidence is necessary to fully and fairly explain a matter "opened up" by the adverse party. *Walters*, 247 S.W.3d at 218. Thus, if a party introduces part of an act, declaration, conversation, writing, or recorded statement, an adverse party may inquire into any other part on the same subject. TEX. R. EVID. 107. The rule is designed to reduce the possibility of the jury receiving a false impression from hearing only a part of some act, conversation, or writing. *Walters*, 247 S.W.3d at 218. When Kirven presented evidence of Kevin Kirven's pending charges, he opened the door, giving the prosecution the right to inquire about relevant extraneous offenses under the exception to the general rule excluding extraneous offense evidence. *See Creekmore v. State*, 860 S.W.2d 880, 892 (Tex. App.—San Antonio 1993, pet. ref'd) (op. on reh'g, en banc).

Exposure of a witness's motivation in testifying is a proper and important function of the right of cross-examination. *Cooper v. State*, 95 S.W.3d 488, 493 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). Although the Texas Rules of Evidence do not allow the admission of extraneous offense evidence to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character, this evidence may be admissible for other purposes including to prove motive. TEX. R. EVID. 404(b)(1), (2). Additionally, rebuttal of a defensive theory is an exception under Rule

404(b). *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009). When a false picture is presented by the defense, the prosecution may impeach the defense witness's testimony by introduction of extraneous offenses. *See Creekmore*, 860 S.W.2d at 892. Evidence of Kevin Kirven's pending charges, for which he faces significant jail time, is admissible to show his motive for confessing to these murders. Kevin knew he was already going to prison, and he did not want his cousin to go to prison. Showing Kevin's motive for confessing rebuts the defense's theory that Kirven was innocent because someone else committed the murders. The trial court did not err in allowing the State to question Kevin about extraneous offenses. We overrule Kirven's first issue.

**Admission of Photographs**

In his second issue, Kirven asserts the trial court erred in admitting State's Exhibits 134 and 135, which he describes as inadmissible victim impact evidence. He also argues that the probative value of the exhibits was outweighed by the danger of unfair prejudice.

Officer Patrick Bellringer was wearing a body camera as he walked through the home. When he walked into the bedroom where the murder victims were, the mother of one of the victims was sitting on the floor next to her son. Exhibits 134 and 135 are blurry photographs of screen captures from Officer Bellringer's body camera showing that scene.

As a prerequisite to presenting a complaint for appellate review, the record must show, among other things, the complaint was made to the trial court by a timely request,

objection, or motion that stated the grounds for the ruling sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. TEX. R. APP. P. 33.1(a)(1)(A). The issue on appeal must comport with the objection made at trial; otherwise, the issue has not been preserved for our review. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).

At trial, Kirven objected to the admission of these exhibits on the basis of relevance. His complaints on appeal are that the probative value is outweighed by unfair prejudice and that the photos "were consistent with inadmissible impact evidence." Therefore, Kirven has not preserved this issue for review. *See id.* We overrule Kirven's second issue.

## Trial Court as Adversarial Advocate

In his third issue, Kirven asserts the trial court abused its discretion when it conducted itself as an adversarial advocate against him. He recited four instances he claims illustrate how the trial court "coached the State."

Due process requires a neutral and detached judge. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). To reverse a judgment on the ground of improper conduct or comments of the trial judge, an appellate court must be presented with proof (1) that judicial impropriety was in fact committed, and (2) of probable prejudice to the complaining party. *Johnson v. State*, 452 S.W.3d 398, 405 (Tex. App.—Amarillo 2014, pet. ref'd). We operate under a presumption that the trial court's actions are presumed correct, and that presumption may be overcome only by a clear showing of bias. *Brumit*,

206 S.W.3d at 245. When a claim of judicial bias is raised, we review the entire record to determine if it shows the judge's bias or prejudice denied the defendant due process. *Tovar v. State*, 619 S.W.3d 783, 792 (Tex. App.—San Antonio 2020, pet. ref'd).

A trial judge has broad discretion in maintaining control and expediting the trial. *Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001). A judge can lawfully provide guidance and manage presentation of evidence from the bench without abandoning her role as an independent arbiter. *See* TEX. R. EVID. 611(a); *Strong v. State*, 138 S.W.3d 546, 552 (Tex. App.—Corpus Christi—Edinburg 2004, no pet.). Remarks that are critical of the parties may support a bias challenge if they reveal an opinion deriving from an extrajudicial source. *Gaal v. State*, 332 S.W.3d 448, 454 (Tex. Crim. App. 2011). Where no extrajudicial information was considered, predispositions formed by a judge on the basis of facts or events occurring in the course of the proceedings cannot be characterized as judicial bias unless the trial court's words reveal a deep-seated favoritism or antagonism that would make fair judgment impossible. *Id*.

In three of the four instances Kirven complains of to show the court acted as an advocate for the State, the court was directing the prosecutor to refrain from asking leading questions and instructed the prosecutor as to how to ask the questions correctly. This is the permissible provision of guidance. *See Strong*, 138 S.W.3d at 552.

The fourth instance quoted by Kirven occurred in chambers, outside the presence of the jury. While discussing the parameters of Kevin Kirven's upcoming testimony, the

court told the prosecutor "it's gonna work out okay for you" and "[y]ou're going to be alright." The parties had both argued extensively about what Kevin would testify to and what the State could inquire about. By these comments, the judge was indicating what testimony she was going to allow. These comments were neither extrajudicial nor a showing of favoritism. *See Gaal*, 332 S.W.3d at 454. Our review of the record reveals no indication of bias on the part of the trial court. *See Tovar*, 619 S.W.3d at 792. No judicial impropriety was committed. *See Brumit*, 206 S.W.3d at 645. We overrule Kirven's third issue.

## Conclusion

Finding no merit in Kirven's issues on appeal, we affirm the trial court's judgment.

STEVE SMITH
Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
(Chief Justice Gray concurs)
Affirmed
Opinion delivered and filed August 15, 2024
Do not publish
[CRPM]

